IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED - CLERK
U.S. DISTRICT COURT

2001 JUL -7  AM 8: 27

TX EASTERN - LUFKIN

BY_____

| | | |
|---|---|---|
| JULIO COLEGIO, EDUARDO HERNANDEZ and MANUEL PADILLA on behalf of themselves and all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 9:01cv161 |
| EQUITABLE ACCEPTANCE CORPORATION and ROYALWARE & NEW ERA INC., | § § § § | Judge: **Judge Hannah** |
| Defendants | § § | |

## ORIGINAL CLASS COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW** Julio Colegio, Eduardo Hernandez and Manuel Padilla, Plaintiffs, complaining of and against Defendants EQUITABLE ACCEPTANCE CORPORATION and ROYALWARE & NEW ERA INC., and for cause of action would respectfully state the following:

### I.  Introduction

1.  This action seeks redress for unlawful practices relating to door-to-door sales transactions.  Count I, brought on behalf of a class, alleges the defendants systematically engaged in spurious open-end credit transactions to avoid giving the fuller credit disclosures mandated by the Truth-in-Lending Act in closed-end credit transactions.  Count II, also brought on behalf of a class,

alleges the defendants regularly provided copies of contracts and notices of right to cancel in English to consumers who were solicited at their home entirely in Spanish, thereby violating the Texas Home Solicitation Transactions Act.

## II.  Jurisdiction and Venue

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367 and 15 U.S.C. § 1640.    Venue in this District is proper because all of the events relating to the named plaintiffs took place in this District.

## III.  Parties

3.    Julio Colegio ("Mr. Colegio), Eduardo Hernandez ("Mr. Hernandez") and Manuel Padilla ("Mr. Padilla") are individuals who reside in Lufkin and Nacogdoches, Texas.

4.    Defendant Equitable Acceptance Corporation is a Minnesota corporation which finances door-to-door sales of water filters and kitchen utensils by Defendant Royalware & New Era Inc. Equitable's Chief Executive Officer is Donald Henn, and he may be served at 7500 Olson Memorial Highway, #140, Minneapolis, Minnesota 55427.

5.    Defendant Royalware & New Era Inc. is believed to be a corporation of unknown origin.

## IV.  Plaintiffs' Transactions

6.     In October of 2000, Mr. Colegio purchased a water purifier from a Royalware salesman and financed the sale through a line of credit ultimately provided by Equitable Acceptance Corporation.   Similarly, in September of 2000, Mr. Hernandez purchased a water purifier and 17 pieces of cookware from a Royalware salesman and financed the purchase through a line of credit ultimately provided by Equitable Acceptance Corporation. Likewise, in November of 2000, Mr. Padilla purchased a water purifier from a Royalware salesman and financed the purchase through a line of credit ultimately provided by Equitable Acceptance Corporation.   Each of these were door-to-door sales, both solicited and closed at the plaintiffs' residences.

7.     The products sold to the plaintiffs were both of poor quality and over-priced.  Mr. Colegio, for example, agreed to pay a cash price of $643 for the water purifier, while Mr. Padilla agreed to pay a cash price of $786 for the same water purifier. Mr. Hernandez agreed to pay a total cash price of $1,785.71 for the cookware and water purifier.

8.     While the sales pitch to each plaintiff was entirely in Spanish, plaintiffs were each given a number of sales documents, including a notice of right to cancel, which were written entirely

in English.    The notice of cancellation form provided to plaintiffs was not easily detachable from the "Purchase Agreement," nor did it have the name and address of the seller, Royalware.

9.    Plaintiffs were given open-end credit disclosures in English as well under a "Revolving Credit Plan," although  no reasonable creditor could anticipate repeated transactions under the purported open-end line of credit afforded by Equitable.

10.    Plaintiffs were notified in English that Equitable would charge Texas residents an annual percentage rate of 21.5% on any balance of $2,300 or less, 18% on any balance between $2,300 and $4,600 and 14% on any balance over $4,600.    There was no disclosure of the amount of the finance charge on any particular purchase.

### COUNT I: Truth-in-Lending

11.    Plaintiffs incorporate paragraphs 1-10 above.

12.    Plaintiffs' transaction and the transactions of each member of the class described below were consumer credit transactions within the meaning of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

13.    Royalware is a creditor and Equitable is either a joint creditor or an assignee within the meaning of the Truth-in-Lending

Act.

14.   The door-to-door transactions with members of the class were, in substance, closed-end credit transactions and not open-end credit transactions, because the creditors had no reasonable expectation of repeated credit transactions under the lines of credit afforded by Equitable.

15.   The defendants provided only open-end credit disclosures to members of the class and not the detailed disclosures required in closed-end credit transactions.   Consequently, the members of the class were not disclosed the exact APR or the total finance charge in their respective transactions.   As such, the members of the class were not informed of the true credit costs in these transactions.

16.   The violations of TILA were apparent on the face of each class member's assigned paperwork.

17.   The defendants are accordingly liable as provided under 15 U.S.C. § 1640 to each consumer in the class who was not afforded closed-end credit disclosures.

### Class Allegations

18.   Plaintiffs bring Count I of this action on behalf of a class of all other persons similarly situated.   The class consists of all persons who satisfy the following criteria:

a.  Each person signed a Revolving Credit Plan, a Sales/Purchase Order and a Purchase Agreement as part of a home solicitation transaction with Royalware.

b.  The Revolving Credit Plan was later assigned to Equitable Assurance Corporation.

c.  Only open-end credit disclosures were provided in the aforementioned documents.

19.  On information and belief, the class is alleged to be sufficiently numerous that joinder of all members is impractical.

20.  There are questions of law and fact common to the class, which questions predominate over any questions peculiar to individual class members.   The principal common question is whether the defendants reasonably anticipated repeated transactions under the lines of credit afforded through Equitable.

21.  Plaintiffs have the same claims as the members of the class.  All of the claims are based on the same factual and legal theories.

22.  Plaintiffs will fairly and adequately represent the interests of the class members.  Plaintiffs have retained counsel experienced in prosecuting class actions and in consumer protection matters.  There is no reason why plaintiffs and their counsel will

not vigorously pursue this matter.

23.   A class action is the only appropriate means of resolving this controversy.   Most of the consumers of Royalware and Equitable are unsophisticated individuals of modest means, who are not aware of their rights.   In the absence of a class, a failure of justice will result.

WHEREFORE, Plaintiffs pray that the Court grant the following relief on their behalf and that of the class and against Royalware and Equitable:

a.   Statutory damages, as provided for in 15 U.S.C. § 1640;

b.   Actual damages, as provided for in 15 U.S.C. § 1640;

c.   Attorney's fees, litigation expenses and costs; and

d.   Such other and further relief as the Court deems appropriate.

### Count II: Home Solicitation Transactions Act

24.   Plaintiffs incorporate paragraphs 1-10 above.

25.   Plaintiffs' transactions and the transactions of each member of the class described below were home solicitation transactions within the meaning of the Home Solicitation Transactions Act, Tex. Bus. & Com. Code § 39.001 et seq. ("HSTA").

26.   Plaintiffs' contracts and notices of right to cancel were not printed in the same language as that used in the oral

sales presentation.   Royalware's salesmen made oral presentations in Spanish only and then induced plaintiffs to sign documents that were printed exclusively in English.   The other members of the class were treated in the same manner.

27.   The notice of cancellation given to each plaintiff was not easily detachable from their contract, and the notice of cancellation actually provided failed to disclose the name and address of the seller.

28.   Both defendants are accordingly liable as provided under Tex. Bus. & Com. Code §§ 17.50(b)(2) and (3) and 39.008(b), (c) and (e) to each consumer in the class who was not given Spanish-language disclosures of their rights under HSTA.

### Class Allegations

29.   Plaintiffs bring Count II of this action on behalf of a class of all other persons similarly situated.   The class consists of all persons who satisfy the following criteria:

a.   Each person signed a Revolving Credit Plan, a Sales/Purchase Order and a Purchase Agreement as part of a home solicitation transaction with Royalware.

b.   The Revolving Credit Plan was later assigned to Equitable Assurance Corporation.

c.   The only written disclosures of their rights under HSTA

were provided in English although the oral sales presentation was in Spanish.

30.   On information and belief, the class is alleged to be sufficiently numerous that joinder of all members is impractical.

31.   There are questions of law and fact common to the class, which questions predominate over any questions peculiar to individual class members.   The principal common question is whether the defendants gave written disclosures in Spanish when the oral sales presentation was in Spanish.

32.   Plaintiffs have the same claims as the members of the class.   All of the claims are based on the same factual and legal theories.

33.   Plaintiffs will fairly and adequately represent the interests of the class members.   Plaintiffs have retained counsel experienced in prosecuting class actions and in consumer protection matters.   There is no reason why plaintiffs and their counsel will not vigorously pursue this matter.

34.   A class action is the only appropriate means of resolving this controversy.   Most of the consumers of Royalware and Equitable are unsophisticated individuals of modest means, who are not aware of their rights.   In the absence of a class, a

failure of justice will result.

WHEREFORE, plaintiffs pray that the Court grant the following relief on their behalf and that of the class and against Royalware and Equitable:

a.  Declaratory relief under Tex. Bus. & Com. Code 39.008(b) that the home solicitation transactions of the class were void or voidable;

b.  Actual damages, as provided for in Tex. Bus. & Com. Code § 39.008(c)(1);

c.  Permanent injunctive relief afforded under Tex. Bus. & Com. Code § 17.50(b)(2) ordering defendants to give Spanish-language notices of the right to cancel as required by HSTA and to accept cancellations made in a timely manner by members of the class;

d.  Equitable relief restoring money to members of the class as authorized by Tex. Bus. & Com. Code § 17.50(b)(3);

e.  Attorney's fees, litigation expenses and costs; and

f.  Such other and further relief as the Court deems appropriate.

Respectfully submitted,

RICHARD TOMLINSON
One Greenway Plaza
Suite 100
Houston, Texas 77046
713/627-7747
Fax: 713/627-3035
State Bar No. 20123500

LEAD COUNSEL FOR PLAINTIFFS

RICHARD S. FISCHER
THE LAW OFFICES OF RICHARD S. FISCHER
114 South Pecan Street
Nacogdoches, Texas 75961
936/564-2222
Fax: 936/564-1346
State bar No.: 07043100

CO-COUNSEL FOR PLAINTIFFS

*Original Class Complaint*
*Page 11*