IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED - CLERK
OCT 29 AM 11: 07
TX EASTERN - LUFKIN
BY _____

| | |
|---|---|
| JULIO COLEGIO, EDUARDO HERNANDEZ AND MANUEL PADILLA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED § § § § § § § | |
| V. § § | CASE NO. 9:01CV161<br>JUDGE: JUDGE HANNAH |
| EQUITABLE ACCEPTANCE CORPORATION AND ROYAL WARE AND NEW ERA INC. § § § § | |

## EQUITABLE ACCEPTANCE CORPORATION AND NEW ERA INC.'S RULE 26A DISCLOSURES

1. **PARTIES**.

    A. JULIO COLEGIO, EDUARDO HERNANDEZ and MANUEL PADILLA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED are "Plaintiffs". Plaintiffs are represented by Mr. Rich Tomlinson, One Greenway Plaza, Suite 100, Houston, Texas 77046 (Phone: 713/627-7747/Fax: 713/627-3035) (TBA# 20123500).

    B. EQUITABLE ACCEPTANCE CORPORATION is "Defendant Equitable". Defendant Equitable is represented by Mr. William C. Boyd of Patterson, Boyd & Lowery, P.C., 2101 Louisiana, Houston, Harris County, Texas 77002 (PHONE: (713) 222-0351/FAX: (713) 759-0642) (TBA# 02779000).

E:\WP51\DOC-EQUICOLE.26A

-1-

C.  **ROYAL WARE COMPANIES** is "Defendant Royal Ware". Defendant Royal Ware is being furnished a copy of this Objection by certified mail at 4444 Westheimer Road #421, Houston, Texas 77027.

D.  **NEW ERA INC.** is "Defendant New Era". Defendant New Era is represented by Mr. William C. Boyd of Patterson, Boyd & Lowery, P.C., 2101 Louisiana, Houston, Harris County, Texas 77002 (PHONE: (713) 222-0351/FAX: (713) 759-0642) (TBA# 02779000).

2.  **DEFENDANT EQUITABLE AND DEFENDANT NEW ERA INC.'S RULE 26A(1) DISCLOSURES**.

    A.  **Persons with Knowledge of Facts**.

    (1) William C. Boyd. Mr. Boyd will have knowledge regarding legal services furnished to Defendants and will also testify as an expert witness regarding reasonable and necessary attorney fees sought to be recovered by any party.

    (2) Richard L. Fason--Mr. Fason will have general knowledge regarding legal services rendered to Equitable and New Era and will also testify as an expert witness regarding reasonable and necessary attorney fees sought to be recovered by any party.

    (3) Custodian of the business records for Equitable--This person will authenticate business records.

    (4) Custodian of the business records for New Era Inc.--this person will authenticate busuiness records.

    (5) Custodian of the business records for Royal Ware--this person will authenticate business records.

    (6) All named Plaintiffs--these persons are parties and should have knowledge of facts.

(7)  All un-named "class action participants"--these persons are known to Plaintiff and should have knowledge of facts.

(8)  Jack Cali, III c/o Royal Ware--Mr. Cali is the owner of Royal Ware and should have general knowledge of facts.

(9)  Jeff Henn c/o Equitable Acceptance Corp.--Mr. Henn will have general knowledge of facts.

(10) Donald A. Henn c/o New Era Inc.--Mr. Henn will have general knowledge of facts.

(11) Roger E. Johnson c/o New Era Inc.--Mr. Johnson is a principal and will have general knowledge of facts.

(12) Distributors who are named in the solicitation documents made the basis of Plaintiff's cause of action. These are independent distributors and would have general knowledge of the facts related to solicitations.

(13) Custodian of the business records for Kali Enterprises--this person will authenticate business records.

B. **LIST OF DOCUMENTS IN THE POSSESSION OF PLAINTIFF.**

(1)  Articles of Incorporation for Equitable Acceptance.

(2)  Articles of Incorporation for New Era Inc.

(3)  Service Agreements between Equitable and Royal Ware.

(4)  Monthly accounting documents for "serviced" accounts by Equitable for Royal Ware.

(5)  Copy of account for Julio Colegio.

(6)  Copy of account and financing documents for Eduardo Hernandez.

(7)  Royal Ware Dealer information.

(8)  Master Dealer Agreement between Equitable Acceptance Corporation and Royal Ware.

(9)  List of Royal Ware Servicing accounts.

(10) Invoices from William C. Boyd.

C.  **COMPUTATION OF DAMAGES.**

Defendants are not presently seeking damages except to the extent that Defendants shows that the Class Action claim filed by Plaintiff is frivolous and groundless. To that extent, Defendants will request award of reasonable and necessary attorney fees.

D.  **INSURANCE.**

There is no coverage for Plaintiff's claim.

3.  **DEFENDANTS' RULE 26A DISCLOSURES.**

   A.  **EXPERTS:**

   (1) Mr. William C. Boyd of Patterson, Boyd & Lowery, P.C., 2101 Louisiana, Houston, Harris County, Texas 77002 (PHONE: (713) 222-0351/FAX: (713) 759-0642) (TBA# 02779000). Mr. Boyd has been licensed to practice law in Texas since 1968. He has over 30 years of experience in both pursuing and defending claims similar to this claim. He has extensive experience representing Banks and other lenders. He is familiar with the causes of actions made the basis of Plaintiff's complaint. Mr. Boyd graduated from the Unversity of Houston with a J.D. degree in 1968. He has a B.S. Degree from Texas Tech in 1962. He is a member of the Houston Bar Association, State Bar of Texas and American Bar Association. He is a past director of the Houston Bar Association as well as the State Bar of Texas. He practices in the Federal Courts in the Southern District of Texas and Western District of Texas. He practices extensively in the State Courts. Mr. Boyd's testimony will be based upon the testimony of factual witnesses regarding reasonable and necessary attorney fees sought to be recovered by any party.

   (2) Mr. Richard L. Fason of Patterson, Boyd & Lowery, P.C., 2101 Louisiana, Houston, Texas 77002 (Phone: (713) 222-0351/Fax: (713) 759-0642) (TBA# 00797935). Mr. Fason will testify as an expert witness regarding reasonable and necessary attorney fees sought to be recovered by

any party to this litigation including Plaintiffs and Defendants. Mr. Fason is an attorney licensed to practice law in the State of Texas. He has been licensed for approximately 6 years. He is a graduate of South Texas School of Law. Mr. Fason's testimony will be based upon the testimony of factual witnesses regarding the attorney fees rendered.

(3) Mr. Jeff Henn/Donald Henn c/o Equitable and New Era. To the extent customs and practices in the industry become an issue, Messrs. Henn will testify regarding the customs and practices. The testimony will be based upon their experience in the industry.

(4) Defendant designates all experts designated by any other party to this litigation.

4. **DEFENDANT'S RULE 26A(3) DISCLOSURES**.

   A. **Defendant's Witnesses at Trial**.

   (1) William C. Boyd. Mr. Boyd will testify regarding attorney fees rendered to Defendant as well as an expert regarding reasonable and necessary attorney fees sought to be recovered by any party.

   (2) Richard L. Fason. Mr. Fason will testify regarding attorney fees rendered to Defendant as well as an expert regarding reasonable and necessary attorney fees sought to be recovered by any party.

   (3) Jeff Henn. Mr. Henn will testify generally regarding all facts of the case.

   (4) Donald Henn. Mr. Henn will testify generally regarding all facts of the case.

   (5) Jack Cali, III. Mr. Cali will testify generally regarding all facts of the case.

   (6) Plaintiffs. Defendants will call the Plaintiffs as adverse witnesses to testify.

   (7) Custodian of the business records for New Era Inc., Equitable Acceptance Corp and Royal Ware. These witnesses will authenticate business records.

   (8) All witnesses designated by any other party.

B. **DEPOSITION TESTIMONY**. Defendants anticipate that depositions will be used for impeachment purposes. However, there are numerous Plaintiffs and some of the Plaintiffs may reside outside of "subpoenaed distance". To the extent the witnesses are not available, their deposition testimony will be used.

C. **LIST OF EXHIBITS**.

(1)   Business records of New Era Inc. which will include all correspondence, accounts, contracts, agreements, checks receipts, memoranda and writings pertaining to the transactions made the basis of the captioned case.

(2)   Business records of Equitable and Royal Ware which will include all correspondence, accounts, contracts, agreements, checks receipts, memoranda and writings pertaining to the transactions made the basis of the captioned case.

Discovery has not commenced. Defendants anticipate that, through discovery, Defendants will discovery additional documents which will be utilized by Defendants as exhibits. These documents are in the possession and control of Plaintiff or may be in the possession or control of Defendant Royal Ware. Upon receipt of the copies of these documents, Defendants will supplement the list of Exhibits, identity of witnesses and will identify specifically each and every exhibits by date and name.

Respectfully submitted,

PATTERSON, BOYD & LOWERY, P.C.

By: _____
William C. Boyd
TBA# 02779000
2101 Louisiana Street
Houston, Texas 77002
PHONE: (713) 222-0351
FAX: (713) 759-0642

Attorneys for Defendant,
**EQUITABLE ACCEPTANCE CORPORATION and NEW ERA INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded, on this the 25 day of Oct, 2001 to:

Mr. Rich Tomlinson
One Greenway Plaza
Suite 100
Houston, Texas 77046

Royal Ware Companies
4444 Westheimer Road #421
Houston, Texas 77027

_____
WILLIAM C. BOYD