IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED - CLERK
U.S. DISTRICT COURT

2002 DEC 16 AM 11: 33

TX EASTERN - LUFKIN

BY_____

JULIO COLEGIO, et al.          §
                               §
        Plaintiffs,            §
                               §
v.                             §       Civil Action No. 9:01 CV 161
                               §
EQUITABLE ACCEPTANCE CORP., et al.  §    Judge: Hannah
                               §
        Defendants             §

**MOTION FOR CERTIFICATION OF SETTLEMENT CLASS
AND PRELIMINARY APPROVAL OF SETTLEMENT
AND PROPOSED NOTICE TO CLASS**

TO THE HONORABLE JUDGE HANNAH:

COME NOW Eduardo Hernandez, Manuel Padilla and Julio Colegio, Plaintiffs in the above-numbered and styled proceeding, and move this Court for an order preliminarily approving the settlement of this class action, provisionally certifying a settlement class, approving the form and method for providing class-wide notice and scheduling a hearing at which time the Court will consider final approval of the settlement and entry of a final judgment, and in support thereof would show the following:

1. This suit was filed on July 9, 2001, and a scheduling conference was held on December 17, 2001. Plaintiffs added Jack Cali as a party defendant through a First Amended Complaint filed on December 26, 2001 and served this defendant on February 23, 2002, but this Defendant never made an appearance in this case. Thereafter, the Plaintiffs and Defendant Equitable Acceptance Corporation have designated trial and expert witnesses. On or about August 16, 2002, counsel for the Plaintiffs received notice that Defendant Jack Cali had filed for bankruptcy protection in the U.S. Bankruptcy Court for the Eastern District of Louisiana on July 24, 2002. See the notice attached

3a

hereto as Exhibit 1. On October 30, 2002, counsel for Plaintiffs received notice that Defendant Jack Cali received a discharge from the U.S. Bankruptcy Court for Eastern District of Louisiana. Attached as Exhibit 2 is a true copy of said notice. The Bankruptcy Court docket, obtained through Pacer, further reflects that this bankruptcy proceeding was closed on October 31, 2002. See attached copy of this docket attached hereto as Exhibit 3. As a result, the bankruptcy stay resulting from this proceeding is no longer in effect.

2. After a settlement conference between counsel for Plaintiffs and Defendant Equitable Acceptance Corporation on June 26, 2002, a tentative settlement was reached between these parties on August 26, 2002. By a letter dated August 27, 2002, counsel for the Plaintiffs and Defendant Equitable Acceptance Corporation informed the Court that a tentative settlement had been reached and promising to file a motion for preliminary approval of the settlement and a proposed notice of the settlement to the class. The final form of the settlement agreement was worked out on November 6, 2002, and the agreement was sent to Equitable Acceptance and then the Plaintiffs for execution. Attached as Exhibit 4 is a true and correct copy of the settlement agreement signed by all three Plaintiffs and a representative of Defendant Equitable Acceptance Corporation.

3. For the reasons set forth more fully in the attached Memorandum of Law, Plaintiffs move the Court to grant preliminary approval of the settlement agreement attached hereto as Exhibit D, provisionally certify a settlement class, approve the form and method of class notice (see 2 notices attached to Exhibit 4 as Exhibit B) and schedule a later hearing for consideration of final approval of the settlement and entry of a final judgment.

WHEREFORE, Plaintiffs pray that this Court grant the relief sought in this Motion and for such other and further relief to which they may be entitled.

Respectfully submitted,

RICHARD TOMLINSON
One Greenway Plaza
Suite 100
Houston, Texas 77046
713/627-7747
Fax: 713/627-3035
State Bar No. 20123500

LEAD COUNSEL FOR PLAINTIFFS

RICHARD S. FISCHER        by RT
                          with
                          permission
114 S. Pecan Street
Nacogdoches, Texas 75961
936/564-2222
Fax: 936-564-1346
State Bar No.: 07043100

CO-COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been forwarded to opposing counsel via First Class U.S. Mail on this the 13th day of December, 2002 as follows:

Donald L. Turbyfill
Devlin, Naylor & Turbyfill, P.L.L.C.
4801 Woodway, Suite 420-West
Houston, Texas 77056-1805

Richard Tomlinson

## CERTIFICATE OF CONFERENCE

On December 12, 2002, the undersigned conferred with the attorney of record for Defendant Equitable Acceptance Corporation, Donald L. Turbyfill. Mr. Turbyfill reported that he did not oppose this motion, and, in fact, requested that the Court grant preliminary approval for the settlement and the proposed notice to the class.

Richard Tomlinson

FORM B9A (Chapter 7 Individual o.   .nt Debtor No Asset Case)(9/97)          Case Number **02-15229TMB**

# UNITED STATES BANKRUPTCY COURT

### Eastern District of Louisiana

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 07/24/02.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights.   All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below, or for registered PACER users at https://ecf.laeb.uscourts.gov.  NOTE:  The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations.

| Debtor(s) (name(s) and address):<br>Jack Norman Cali<br>Car Stereo of New Orleans; Cali Enterprises; Royalware Industries; New<br>Orleans Auto Sound<br>173 Schexnayder Ln.<br>Destrehan, LA 70047 | |
| --- | --- |
| Case Number:<br>02-15229TMB | Social Security/Taxpayer ID Nos.:<br>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 |
| Attorney for Debtor(s) (name and address):<br>Mary M. Taylor<br>3525 North Causeway Boulevard<br>Suite 708<br>Metairie, LA  70002<br>Telephone number: (504) 831-7405 | Bankruptcy Trustee (name and address):<br>Wilbur J. (Bill) Babin, Jr.<br>3027 Ridgelake Drive<br>Metairie, LA  70002<br><br>Telephone number: (504) 833-8668 |

## Meeting of Creditors:

Date:     **08/22/02**          Time:     **09:30 AM**

Location:    Office U.S. Trustee, Texaco Center, #2112, 400 Poydras Street, New Orleans, LA  70130

Failure of the debtor(s) to appear at the meeting may result in dismissal of the petition.  Debtor(s) must provide picture identification and proof of social security number to the trustee.  Failure to do so may result in dismissal of the case.

## Deadlines:

Parties must file by the following deadlines:

**Complaints Objecting to Discharge of the Debtor *or* to Determine Dischargeability of Certain Debts:**
**10/21/02**

**Objections to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:

The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property.  If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

## Please Do Not File A Proof of Claim Unless You Receive a Notice To Do So.

| Address of the Bankruptcy Clerk's Office:<br>United States Bankruptcy Court<br>Eastern District of Louisiana<br>Suite 601, Hale Boggs Building<br>501 Magazine Street<br>New Orleans, LA  70130<br>       Telephone number: (504) 589-7878 | For the Court:<br><br>Clerk of the Bankruptcy Court:<br>Warren A. Cuntz, Jr. |
| --- | --- |
| Hours Open:<br>8:30 a.m. - 5:00 p.m. | Date:<br>07/30/02 |



EXHIBIT

1

053238

## EXPLANATIONS

| | |
|---|---|
| **Filing of Chapter 7 Bankruptcy Case** | A bankruptcy case under chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Creditors May Not Take Certain Actions** | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. |
| **Meeting of Creditors** | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The trustee may give oral notice of his/her intention to abandon estate property at the meeting of creditors. |
| **Do Not File a Proof of Claim at This Time** | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. |
| **Discharge of Debts** | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), (6), or (15), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and the required filing fee by that Deadline. |
| **Exempt Property** | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold by the trustee. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| **Bankruptcy Clerk's Office** | This district has electronic filing. All documents may be viewed at the bankruptcy clerk's office at the address listed on the front side. Registered PACER users may also view the documents at https://ecf.laeb.uscourts.gov. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. You may want to consult an attorney to protect your rights. |

### ---Refer to Other Side For Important Deadlines and Notices---

Form B18(Official Form 18)
(9/97)

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Louisiana

| | |
|---|---|
| In Re:<br>Jack Norman Call<br>   173 Schexnayder Ln.<br>   Destrehan, LA 70047 | )<br>)<br>)<br>) Case Number: 02-15229<br>)<br>)<br>)<br>) Chapter: 7<br>)<br>)<br>)<br>Debtor )<br>)<br>)<br>) |

Social Security Number:
Debtor: 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

RECEIVED
OCT 3 0 2002
BY:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Date Mailed: <u>10/25/02</u>

**BY THE COURT**

Thomas M. Brahney, III
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**



EXHIBIT
2

048651

Form B18 Continued
(9/97)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. [*In a case involving community property:*] [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are.

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**CLOSED**

# U.S. Bankruptcy Court
## Eastern District of Louisiana (New Orleans)
### Bankruptcy Petition #: 02-15229

*Assigned to:* Thomas M. Brahney III
Chapter 7
Voluntary
No asset

*Date Filed:* 07/24/2002
*Date Terminated:* 10/31/2002
*Date Discharged:* 10/25/2002

**Jack Norman Cali**
173 Schexnayder Ln.
Destrehan, LA 70047
SSN: 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
*Debtor*
*dba*
**Royalware Industries**
*dba*
**Cali Enterprises**
*dba*
**New Orleans Auto Sound**
*aka*
**Car Stereo of New Orleans**

represented by **Mary M. Taylor**
Pontchartrain Law Center
3525 North Causeway Boulevard
Suite 708
Metairie, LA 70002
(504) 831-7405
Fax : (504) 837-0866
Email: office@plcattys.nocoxmail.com

**Wilbur J. (Bill) Babin, Jr.**
3027 Ridgelake Drive
Metairie, LA 70002
(504) 833-8668
*Trustee*

**Office of the U.S. Trustee**
400 Poydras Street
Suite 2110
New Orleans, LA 70130
(504) 589-4018
*U.S. Trustee*



EXHIBIT
**3**

| Filing Date | # | Docket Text |
|---|---|---|
| 07/24/2002 | 1 | Chapter 7 Voluntary Petition. Receipt Number cc, Fee Amount $200. Filed by Jack Norman Cali. (Taylor, Mary) (Entered: 07/24/2002) |
| 07/25/2002 | | Judge Thomas M. Brahney added to case. (McGinn, S) (Entered: 07/25/2002) |
| 07/25/2002 | | Receipt of Chapter 7 Filing Fee. Receipt Number 00187815 Fee Amount $200 (related document(s)1). (Lew, K) (Entered: 07/25/2002) |

| 07/30/2002 | 2 | Appointment of Interim Trustee by U.S. Trustee. Wilbur J. (Bill) Babin added to the case. In accordance with 11 U.S.C. Section 701 and pursuant to the authority vested in me by 28 U.S.C. Section 586, this letter will serve as your appointment as interim trustee in the above captioned case effective as of the date of filing of the petition. The trustee bond is fixed under the provisions of the general blanket bond in effect in this district. Unless creditors in accordance with the manner specified in 11 U.S.C. section 702 of the Bankruptcy Code elect another trustee, you will serve as the trustee in this case. If you cannot accept this appointment, a rejection must be submitted to me on the form entitled Resignation as Interim Trustee within five (5) days of the date of this letter. Failure to file a rejection will constitute acceptance of the appointment.. (U.S. Trustee, Office of the) (Entered: 07/30/2002) |
| --- | --- | --- |
| 07/30/2002 | | Meeting of Creditors. 341(a) meeting to be held on 8/22/2002 at 09:30 AM at Texaco Center, #2112. Last day to oppose discharge or dischargeability is 10/21/2002. (U.S. Trustee, Office of the) (Entered: 07/30/2002) |
| 08/01/2002 | 3 | BNC Certificate of Mailing - Meeting of Creditors. . Service Date 08/01/02. (Admin.) (Entered: 08/02/2002) |
| 08/09/2002 | 4 | Notice of Appearance and Request for Notice by Hilary B. Bonial Filed by on behalf of Hibernia National Bank. (Bonial, Hilary) (Entered: 08/09/2002) |
| 08/21/2002 | 5 | Notice of Appearance and Request for Notice by Arthur S. Mann III Filed by on behalf of Ford Motor Credit Company. (Mann, Arthur) (Entered: 08/21/2002) |
| 08/26/2002 | 6 | Meeting of Creditors Held Filed by Wilbur J. (Bill) Babin Jr.. (Babin, Wilbur) (Entered: 08/26/2002) |
| 08/27/2002 | 7 | Trustee's Disclaimer and Abandonment. (Babin, Wilbur) (Entered: 08/27/2002) |
| 08/27/2002 | 8 | Trustee's Report of No Distribution: Trustee of this estate reports and certifies that the trustee has performed the duties required of a trustee under 11 U.S.C. 704 and has concluded that there are no assets to administer. (Babin, Wilbur) (Entered: 08/27/2002) |
| 08/27/2002 | 9 | Motion for Relief from Stay - *1999 Ford Expedition* -. Receipt Number CC, Fee Amount $75. Filed by Arthur S. Mann III of Berrigan Litchfield Schonekas Mann LLP on behalf of Ford Motor Credit Company. (Attachments: # 1 Exhibit Contract and Title) (Mann, Arthur) (Entered: 08/27/2002) |
| 08/27/2002 | 10 | Notice of Hearing *on Motion for Relief from Stay* Filed by Ford Motor Credit Company (related document(s)9). Hearing scheduled for 9/17/2002 at 02:15 PM at 501 Magazine Street, Suite 709. (Mann, Arthur) (Entered: 08/27/2002) |
| 08/27/2002 | 11 | Certificate of Service *of Notice of Hearing on Motion for Relief from Stay* Filed by Ford Motor Credit Company (related document(s)9, 10). (Mann, Arthur |

| | | (Entered: 08/27/2002) |
|---|---|---|
| 08/28/2002 | 12 | Order Granting Trustee's Disclaimer and Abandonment Signed on 8/28/02 (related document(s)7). (Eberts, J) (Entered: 08/28/2002) |
| 08/28/2002 | | Receipt of Motion for Relief from Stay Filing Fee. Receipt Number 00188756 Fee Amount $ 75 (related document(s)9). (Lew, K) (Entered: 08/29/2002) |
| 08/29/2002 | 13 | Amended Schedules. *D* Filed by Jack Norman Cali (related document(s)1). (Attachments: # 1 Amendment to Chapter 7 Schedules and Certificate of Service) (Taylor, Mary) (Entered: 08/29/2002) |
| 09/18/2002 | 14 | ORDER GRANTING THE STAY LIFTED RE:Motion for Relief from Stay - 1999 Ford Expedition . Filed by Arthur S. Mann III of Berrigan Litchfield Schonekas Mann LLP on behalf of Ford Motor Credit Company. (Related Doc # 9) Signed on 9/18/02. (Eberts, J) (Entered: 09/18/2002) |
| 09/20/2002 | 15 | BNC Certificate of Mailing - PDF Document Service Date 09/20/02. (Related Doc # 14) (Admin.) (Entered: 09/21/2002) |
| 10/23/2002 | 16 | Notice of Appearance and Request for Notice *AMERICAN EXPRESS TRAVEL RELATED SVCS CO INC CORP CARD Becket and Lee LLP, Attorneys/Agent c/o Becket & Lee, LLP P.O. Box 3001 Malvern, PA 19355-0701.* (Lee, Thomas) (Entered: 10/23/2002) |
| 10/24/2002 | 17 | Notice of Appearance and Request for Notice *American Express Travel Related Services Co., Inc. Becket and Lee LLP, Attorneys/Agent c/o Becket & Lee, LLP P.O. Box 3001 Malvern, PA 19355-0701.* (Lee, Thomas) (Entered: 10/24/2002) |
| 10/25/2002 | 18 | Order Discharging Debtor Signed on 10/24/02. (Eberts, J) (Entered: 10/25/2002) |
| 10/25/2002 | 20 | Reaffirmation Agreement Between Debtor and Hibernia National Bank Filed by Jack Norman Cali . (Eberts, J) (Entered: 10/28/2002) |
| 10/27/2002 | 19 | BNC Certificate of Mailing - Order of Discharge. Service Date 10/27/02. (Related Doc # 18) (Admin.) (Entered: 10/27/2002) |
| 10/31/2002 | | Bankruptcy Case Closed. (Eberts, J) (Entered: 10/31/2002) |

https://ecf.laeh.uscourts.gov/cgi-bin/DktRpt.pl?347223908691406-L_426_0-1

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/01/2002 17:59:08 | | | |
| **PACER Login:** | rt0321 | **Client Code:** | royalware |
| **Description:** | Docket Report | **Case Number:** | 02-15229 |
| **Billable Pages:** | 2 | **Cost:** | 0.14 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

JULIO COLEGIO, *et al.*                    §
                                           §
v.                                         §        Civil Action No. 9:01 CV 161
                                           §        Judge: Hannah
EQUITABLE ACCEPTANCE CORP., *et al.*       §

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into as of ___December  12___ , 2002, between

Plaintiffs JULIO COLEGIO, EDUARDO HERNANDEZ and MANUEL PADILLA ("Plaintiffs"),

suing on behalf of themselves and the class described below, on the one hand, and EQUITABLE

ACCEPTANCE CORPORATION ("EAC") a Defendant herein, on the other.

### WHEREAS:

1.      Plaintiffs have asserted class claims against EAC, seeking to impose liability for

alleged violations of the Truth-in-Lending Act ("TILA") and the Texas Home Solicitation

Transactions Act ("HSTA"), in *Julio Colegio, et al. v. Equitable Acceptance Corporation, et al.*,

Civil Action No. 9:01 CV 161, in the United States District Court for the Eastern District of Texas

("Federal Action").

2.      The class on whose behalf this settlement is made consists of all persons who are

Texas residents, who purchased goods in a home solicitation transaction with Defendants JACK

CALI III, *doing business as* ROYALWARE or ROYALWARE INDUSTRIES (hereinafter

collectively referred to as "Royalware"), and who were obligated to send payments to EAC.



EXHIBIT
4

3.      The Federal Action alleges that the sales transactions encompassed by the class definition were closed-end credit transactions and yet closed-end disclosures were not made in violation of TILA.  This action further alleges that these transactions were home solicitation transactions covered by the HSTA and that HSTA was violated because the written disclosures were not in the same language as the oral sales pitch and the notices of cancellation failed to provide the name and address of the seller.

4.      EAC denies all liability with respect to all of the claims asserted against it and has asserted various defenses to those claims.

5.      Based on an analysis of the benefits which this Settlement Agreement affords the class, Plaintiffs' counsel considers it to be in the best interest of the class to enter into this Settlement Agreement.

6.      While EAC denies any wrongdoing and any liability whatsoever, it has concluded that it is in its best interest to settle the Federal Action on the terms set forth herein in order to avoid expense, inconvenience, and interference with ongoing business operations.  Nothing herein shall constitute an admission of liability or be used as evidence of liability.

### IT IS THEREFORE AGREED:

7.      Five days after the Effective Date, as defined below, EAC will pay $34,649.23 to Richard Tomlinson, counsel for the Plaintiffs and the class, for deposit into his trust account. Of this amount, $3,000 shall be paid to the named Plaintiffs as incentive awards ($1,000 to COLEGIO; $1,000 to HERNANDEZ; and $ 1,000 to PADILLA) and $16,000 to counsel for the class, Richard Tomlinson and Richard S. Fischer, and the balance shall be distributed to members of the class as

Settlement Agreement                                                                                        Page 2

detailed below. The award of attorney's fees is based upon a stipulation that the amount of attorney's fees incurred by the Plaintiffs through August 2, 2002 is $13,000.00 and that another $3,000.00 will be incurred in concluding a settlement, obtaining court approval and administering the claims.

8.  Each member of the class will be entitled to a refund equal to 75% of the consideration that he or she paid to Royalware and/or EAC after providing adequate proof of identity, defined as follows:

a.  Where the driver's license number or government issued identification number of any account debtor and co-debtor appears in the credit documentation held by EAC, a copy of the same photo identification, bearing such identification number and date of birth of each account debtor and co-debtor will be required; and

b.  Where the social security number of any account debtor and co-debtor appears in the credit documentation held by EAC, a copy of the social security card or a document bearing his or her social security number and name, such as a paycheck receipt or W-2 form for the Internal Revenue Service will be required; or

c.  In the instance that the credit documentation held by EAC contains no government issued identification numbers or social security numbers for not more than one account debtor, an affidavit shall be provided by the account debtor and account co-debtor swearing to their address at the time of purchase, current address, date of birth and employment.

Copies of the proof of identity will be provided to counsel for EAC before any distribution to a class member is made. Attached as Exhibit A is a list of the members of the proposed class and the amounts of refunds to which the proposed class members are entitled upon proof of adequate identity outlined above. If any of the $15,649.23 placed in the trust account for restitution to a class member remains undisbursed 60 days after the Effective Date, it shall immediately be disbursed to EAC by

Richard Tomlinson, counsel for Plaintiffs. The 60 day period after the Effective Date, shall be defined as the "Claims Period".

9.  In the event a class member is deceased, Richard Tomlinson is authorized to make payment of a refund to the deceased class member's heirs or estate, upon receipt of proper notification, documentation, and adequate proof of identify of the deceased.

10.  Should this settlement receive final approval, EAC further agrees that any purported debt which may be allegedly owed to EAC by the members of the class is hereby canceled and/or rescinded, and EAC waives any claim to the goods in the possession of the members of the class. Within 5 days after the Effective Date of the settlement agreement, EAC agrees to request the deletion of all references to an EAC account involving a verified member of the class previously reported to credit bureaus.

11.  Counsel for the class will be responsible for notifying the class members of the proposed settlement. Each class member will be sent a notice by first class mail addressed to his or her last known address, as shown by the records of EAC or counsel for the class. If a mailing is returned with a forwarding address provided by the Postal Service, class counsel will re-mail it to the address or addresses provided. The parties to this agreement agree to recommend the form of notice attached as Exhibit B. Since EAC has addresses for all class members, it is not anticipated that notice by publication is required.

12.  If the above-described mailings do not result in notice to a class member, counsel for the class may engage a tracing service to locate that class member. The cost of locating a class member in this manner shall be deducted from the class member's recovery, if any. If the class

member is not located prior to the date for filing objections and opt outs, described below, the class member retains the right to opt out within 14 days of receiving a class notice, but not to object. This right shall expire 90 days after the Effective Date. This right shall not operate to extend the Claims Period.

13.     Upon the Effective Date, each class member who does not opt out shall be deemed to have given EAC, its officers, directors, employees, successors and assigns, a limited release, which shall forever bar them from asserting any claim under TILA or HSTA arising out of the transactions described in the class definition. Such class members, however, are not deemed to have released Jack Cali III, dba Cali Enterprises, Royalware or Royalware Industries, or any other person or entity which may have sold goods to a member of the class and had the account assigned to EAC or serviced by EAC.

14.     The parties agree to petition the Court presiding over the Federal Action within 7 days of the execution date of this Settlement Agreement for a preliminary approval order:

a.     Determining (for purposes of settlement) that the Federal Action may be maintained as a class action on behalf of the class described in paragraph 2 above and identified in Exhibit A;

b.     Finding that Plaintiffs fairly and adequately represent the interests of the class;

c.     Finding that the mailing of a class notice as described above is the only notice required and that such notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure;

d.     Finding preliminarily that this Settlement Agreement is fair, reasonable, and adequate to the class; and

e.     Setting dates by which objections and opt outs must be filed.

15.     If the Court enters the preliminary approval order described above, counsel for the class shall, within 14 days thereafter, mail to each class member at his or her last known address a notice in the form approved by the Court.   The parties will agree to request notice in the form attached as Exhibit B.

16.     The parties shall petition the Court before which the Federal Action is pending to hold a final hearing upon the settlement approximately 45 days after entry of the preliminary approval order.   At the final hearing, the parties will request that the Court:

a.     Determine that this action may, for settlement purposes, be maintained as a class action on behalf of the class described in paragraph 2 above;

b.     Find that Plaintiffs, as the class representatives, fairly and adequately represent the interests of the class;

c.     Find that the notice previously given to class members in this action satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure;

d.     Find that the Settlement Agreement is fair, reasonable and adequate to the class, provide that each member of the class except those who have excluded themselves shall be bound by this Settlement Agreement, including the release, and conclude that the Settlement Agreement should be and is approved;

e.     Dismiss on the merits and with prejudice all claims asserted in the Federal Action; and

f.     Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement.

17.     The final approval order ("Final Approval Order") shall be deemed final 30 days after entry if no pleadings are filed within that time seeking appeal, review or rehearing of the order, or if such pleadings are filed, then 14 days after the date upon which all appellate and other proceedings

resulting therefrom have been finally terminated in such a manner as to permit the Final Approval Order to take effect.

18.    Plaintiffs and the class shall request that the Court approve the fee award at the same time as the Final Approval Order is entered.   The award shall be deemed final at the same time that the Final Approval Order becomes final, as described above, or at such other time as the Court directs.   EAC agrees not to oppose a request for an amount of fees and expenses not exceeding $16,000.00.

19.    Where there are multiple obligors on an account, the check will be made payable to all of them.  Any interested party may request that the Court permit fewer than all of the obligors to cash a check without the need for complying with technical requirements relating to probate.

20.    In the event any court disapproves this Settlement Agreement or any material part thereof for any reason, or declines to enter the Final Approval Order, or overturns or reverses the Final Approval Order or any material part thereof, then:

a.    If all parties do not agree jointly to appeal such ruling or if the plaintiffs jointly do not wish to appeal the ruling, this Settlement Agreement shall become null and void, and the order certifying the class shall be vacated (without prejudice to further proceedings to certify a class); and

b.    If all parties hereto agree to jointly appeal such ruling and if the final approval order or its equivalent in all material respects is not in effect after the termination of all proceedings arising out of such appeal, this Settlement Agreement shall become null and void, and the order certifying the class shall be vacated (without prejudice to further proceedings to certify a class).

21. ·At least seven days prior to the final approval hearing, the parties shall exchange and finalize lists of the persons who have excluded themselves from the class and of the persons who object to the settlement.

22. The Effective Date shall be the 5TH day after the Final Approval Order becomes final, as described above.

23. In connection with the distribution of funds, counsel for the class will contact the members of the class who have not excluded themselves from the class and ask each class member to provide adequate proof of their identity, as described above. Once a copy of such proof has been obtained, produced to counsel for EAC and no objection has been received from counsel from EAC, counsel for the class may issue and send or deliver a check to each member of the class so qualified in the amount set forth in the list attached hereto as Exhibit A.

24. Counsel for the class are authorized to employ a tracing service or to use other means to locate any missing class members, to be paid out of the individual class member's recovery. If this done, counsel for the class shall issue checks from the settlement account reflecting the amount due the tracer and the amount to be distributed to the class member.

25. This Settlement Agreement may not be changed orally. It may be changed only in writing signed by each of the parties and/or their counsel.

26. As agent for receipt of communications relating to this Settlement Agreement, plaintiffs and the class appoint Richard Tomlinson, and EAC appoints Donald Turbyfill. The person designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

Settlement Agreement

27.     This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be and constitute one instrument for all purposes.  The several signature pages may be collected and annexed to one or more of the documents to form a complete counterpart.  Photocopies may be treated as originals.

28.     Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of plaintiffs, the members of the class, and any of their successors and personal representatives, and shall bind and inure to the benefit of EAC, which persons and entities are intended to be beneficiaries of this Settlement Agreement.

29.     All time periods and dates relating to the approval of this Settlement Agreement and the notification of the class (but not those relating to the substantive rights of the parties and class members) are subject to approval and change by the Court.

30.     This Settlement Agreement shall be interpreted as in accordance with the laws of

Texas.

JULIO COLEGIO
Plaintiff and Class Representative

EDUARDO HERNANDEZ
Plaintiff and Class Representative

MANUEL PADILLA
Plaintiff and Class Representative

RICHARD TOMLINSON
State Bar of Texas # 20123500
ATTORNEY IN CHARGE
FOR PLAINTIFFS

OF COUNSEL:
Richard Tomlinson
Attorney at Law
One Greenway Plaza, Suite 100
Houston, Texas 77046
(713) 627-7747 [phone]
(713) 627-3035 [facsimile]
ATTORNEY FOR PLAINTIFFS

RICHARD S. FISCHER
State Bar of Texas # 07043100
ATTORNEY IN CHARGE
FOR PLAINTIFFS

OF COUNSEL:
Law Offices of Richard S. Fischer
114 South Pecan Street
Nacodoches, Texas 75961
(936) 564-2222 [phone]
ATTORNEY FOR PLAINTIFFS

Settlement Agreement                                        Page 10

EQUITABLE ACCEPTANCE CORPORATION
Defendant

By: JEFFREY D. HENN, President

Vice President

DONALD L. TURBYFILL
State Bar of Texas #20296380
ATTORNEY IN CHARGE
FOR DEFENDANT
EQUITABLE ACCEPTANCE CORPORATION

OF COUNSEL:
DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.
4801 Woodway, Suite 420 - West
Houston, Texas  77056-1805
(713) 622-8338 [Phone]
(713) 586-7053 [Facsimile]
dturbyfill@dntlaw.com [E-mail]

# EXHIBIT
# A

# EXHIBIT A

| First Name of Class Member | Last Name of Class Member | Acct. No. | Amount Paid | Amount of Proposed Settlement |
|---|---|---|---|---|
| Santiago & Norma | Ocampo | FZ10004 | $0.00 | $0.00 |
| Juan | Ortiz | FZ10011 | $460.00 | $345.00 |
| Pablo & Evelyn | Marabilla | FZ10020 | $0.00 | $0.00 |
| Pablo & Evelyn | Marabilla | FZ10034 | $256.00 | $192.00 |
| Aureliano | Nava | FZ10032 | $900.00 | $675.00 |
| Yeseuia | Gomez | FZ10035 | $299.68 | $224.76 |
| Lazaro & Laura | Barro | FZ10044 | $0.00 | $0.00 |
| Claudia | Nunez | FZ10045 | $0.00 | $0.00 |
| Fermin & Maria | Barrera | FZ10046 | $661.81 | $496.35 |
| Carolina | Villa | FZ10047 | $90.00 | $67.50 |
| Inocencio | Soriano | FZ10059 | $200.00 | $150.00 |
| Juan | Arevalo | FZ10070 | $0.00 | $0.00 |
| Julio & Marisala | Colegio | FZ10078 | $0.00 | $0.00 |
| Jose | Torres | FZ10079 | $629.00 | $471.75 |
| Jose Santo Hilda Moran | Muniz | FZ10081 | $0.00 | $0.00 |
| Noelia & Nareiso Magona | Zavala | FZFZ10082 | $0.00 | $0.00 |
| Simon | Cordero | FZ10083 | $55.66 | $41.74 |
| Teodocia & Maria | Ocon | FZ10084 | $1,118.86 | $839.14 |
| Ramiro & Martha Ramirez | Quetzala | FZ10085 | $547.44 | $410.58 |
| Manuel | Camacho | FZ10086 | $600.00 | $450.00 |
| Vincenta & Gonzalo Salazar | Avila | FZ10087 | $0.00 | $0.00 |
| Patricia & Rodolfo | Cepeda | GT10001 | $3,918.66 | $2,938.99 |
| Pablo & Maria Ramirez | Lagunes | GT10002 | $637.52 | $478.14 |

| Nicholas | Ramirez | GT10004 | $1,400.00 | $975.00 |
|---|---|---|---|---|
| Jose Santos Hilda | Muniz | GT10005 | $685.83 | $514.37 |
| Eduardo Esther Moran Guerro | Hernandez | GT10006 | $1,575.95 | $1,181.96 |
| Ricardo & Maria | Reyes | GT10007 | $670.00 | $502.50 |
| Jose Rebecca Rice | Meza | GT10008 | $0.00 | $0.00 |
| Raul & Paula | Nava | GT10009 | $560.00 | $420.00 |
| Jose | Ruiz | GT10010 | $654.00 | $490.50 |
| Filiberto | Guerro | GT10011 | $100.00 | $75.00 |
| Juana | Garza | GT10012 | $720.00 | $540.00 |
| Amado | Rosales | GT10013 | $0.00 | $0.00 |
| Janie & David | Alonso | GT10014 | $0.00 | $0.00 |
| Jose | Madera | GT10015 | $755.60 | $566.70 |
| Amado | Rosales | GT10016 | $1,600.00 | $1,200.00 |
| Antonio & Isidra | Delgadillo | GT10017 | $542.64 | $406.80 |
| Horacio & Roberta | Gamez | GT10019 | $1,300.00 | $975.00 |
| TOTALS | | | $20,838.65 | $15,628.78 |

# EXHIBIT
# B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION



| | | |
|---|---|---|
| JULIO COLEGIO, EDUARDO HERNANDEZ, and MANUEL PADILLA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 9:01 CV 161 |
| EQUITABLE ACCEPTANCE CORP. and JACK CALI III, dba CALI ENTERPRISES and ROYALWARE INDUSTRIES | § § § § | Judge: Hannah |
| Defendants | § § | |

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

TO: ALL PERSONS WHO ARE TEXAS RESIDENTS, WHO PURCHASED GOODS IN A HOME SOLICITATION TRANSACTION WITH JACK CALI III, dba ROYALWARE OR ROYALWARE INDUSTRIES AND WHO WERE OBLIGATED TO SEND PAYMENTS TO EQUITABLE ACCEPTANCE CORPORATION

**DO NOT BE ALARMED. YOU ARE NOT BEING SUED. THIS NOTICE IS MERELY TO TELL YOU ABOUT YOUR RIGHTS AS TO A PROPOSED SETTLEMENT WITH DEFENDANT EQUITABLE ACCEPTANCE CORPORATION AND OF A SETTLEMENT HEARING.**

**A.     The Lawsuit**

A class action lawsuit was filed by the plaintiffs (named above) against the defendants (named above) in the United States District Court for the Eastern District of Texas, alleging that defendants were engaging in door-to-door sales of goods which violated the Texas Home Solicitation Transactions Act, Tex. Bus. & Com. Code § 39.01 et seq. (HSTA) and that the credit disclosures made in these transactions violated the Truth-in-Lending Act (TILA). Specifically, plaintiffs alleged that defendants violated the HSTA by making oral sales pitches in Spanish and giving required disclosures in English and by providing the notices of cancellation that failed to provide the name and address of the seller.   Similarly, plaintiffs alleged that defendants violated TILA by failing to give the more detailed and conspicuous credit disclosures required in closed end credit transactions instead of the very limited disclosures required to be given in credit card transactions.   The plaintiffs' original complaint in this action was filed on July 9, 2001.

Defendant Jack Cali, dba Cali Enterprises, Royalware, and Royalware Industries, has been dismissed from this suit due to his filing for bankruptcy.   The remaining parties have negotiated a proposed settlement.   On _____, _____, Judge John Hannah, Jr. of the United States District Court (1) determined that this action should proceed as a class action, for settlement purposes only, with the named plaintiffs serving as the representatives of the class, and (2) granted preliminary approval of the settlement, subject to a fairness hearing which will take place at ___. _.m. on _____, 2002, in the U. S. Courthouse located at 104 N. 3rd Street, Lufkin, Texas 75901.

You are being sent this notice, because you might be a member of the class.   This notice explains the nature of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations.

**B.     No Admission of Liability**

By settling this lawsuit, defendant Equitable Acceptance Corporation does not admit that it has done anything wrong.

**C.     The Proposed Settlement**

The remaining parties in this case have agreed to the settlement described below.  The attorneys for the class believe that this settlement is fair, reasonable, and in the best interests of the members of the class.

Equitable Acceptance Corporation (hereinafter "Equitable") agrees that no member of the class owes it any further money, and Equitable will notify all relevant credit bureaus to delete all references to an Equitable account held by a verified class member.   Class members will retain all goods that they purchased through Royalware.

A settlement fund of $18,649.23 will be created when the settlement becomes effective.  The named plaintiffs will jointly receive incentive awards totaling $3,000.  Each of the members of the class who made any payments under their Royalware sales contract will be entitled to apply for a refund from the remaining sum in the settlement fund equal to 75% of what they paid for the goods sold by Royalware by providing adequate proof of identity as described in the Settlement Agreement.  Any unclaimed funds will be returned to Equitable.  For purposes of the settlement, an account with more than one debtor or obligor is treated as a single class member.   The debtors may either agree as to the disposition of the funds or request the Court to divide the money.

In addition, Equitable will pay a total of $16,000 to the attorneys for the class for attorney's fees through the end of claims administration.

Finally, Equitable will receive a release of HSTA and TILA claims from members of the class who do not opt out.

**D.     Value of the Settlement**

The Truth-in-Lending Act (TILA) provides that in a class action in which the plaintiff establishes a violation the class recovers a statutory penalty not exceeding $500,000 or 1% of the net worth of the defendant, whichever is less. The specific amount of the statutory award is set by the Court depending on the amount of any actual damages awarded, the frequency and persistence of statutory violations, the resources of the defendant, the number of persons adversely affected by the violations and the extent to which the violations were intentional.  In addition, a class member may recover actual damages which result from violations.  By contrast, in an individual action, the person bringing the suit may recover (1) any actual damages suffered and (2) a penalty equal to twice the finance charge, but not less than $100 and not more than $1,000.  Whether suing for a class or an individual, the person bringing the suit under TILA can also recover attorney's fees and the expenses of prosecuting the suit, if it is successful.

Class counsel have not alleged that any member is entitled to actual damages resulting from TILA violations, limiting their claim to the award which could be made by the Court in a class action.  Given the small size of Equitable and the 1% limit on any class statutory award, counsel for the class believe that any such award will be less than $5,000.

The Texas Home Solicitations Act (HSTA) provides that a consumer transaction in violation of certain portions of that statute is void and unenforceable and authorizes the recovery of actual damages, reasonable attorney's fees and court costs.  The statute permits consumers the right to cancel certain door-to-door transactions, return the goods they purchased, and receive a refund of all payments made.

Counsel for Equitable has alleged that members must pay some sort of set-off as compensation for use of the goods if the goods are not to be returned to Equitable.

Counsel for the class believe the class settlement is fair and reasonable and that the members of the class should

2

accept this settlement.   While one might conceivably recover slightly more in an individual case, if it is brought and is successful, few individual suits are brought under either TILA or HSTA, because it is not usually economical to file a lawsuit for the sums that can be recovered under these statutes.   In addition, Equitable has denied that it is liable for any violation of TILA or HSTA, and the Court has not ruled on the merits of the suit.   A person that elects to opt out of the settlement, as described below, might recover nothing.

## E.        Correct Address

If this Notice was sent to you at your current address, you do not have to do anything more to receive benefits from the settlement until a notice letter is sent asking you to provide confirmation of your identity.   If this Notice was forwarded by the Postal Service or if it was otherwise sent to you at an address which is not current, you should immediately send a letter to each of the lawyers stated below setting forth your past and current residential and mailing addresses:

Richard S. Fischer
114 S. Pecan Street
Nacogdoches, Texas 75961

Richard Tomlinson
1 Greenway Plaza, Suite 100
Houston, Texas 77046

Donald L. Turbyfill
4801 Woodway, Suite 420-West
Houston, Texas 77056

If any of the persons whose names appear on the contractual paperwork have died, or by reason of divorce payments have been made by another person whose name appears on the paperwork, you should send a letter to the same lawyer explaining who is responsible for payments on the account and including any supporting documentation such as a divorce decree.

## F.        Fairness Hearing

At _____ on _____, a hearing will be held on the fairness of the proposed settlement.   At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.   The hearing will take place before Judge John Hannah, Jr. in the courtroom of the U. S. Courthouse located at 104 N. 3rd Street, Lufkin, Texas 75901.

## G.        What you can do

1.        *You have the right to exclude yourself* from both the class action and the settlement by filing a request for exclusion with the Clerk of the District Court at 104 N. 3rd Street, Lufkin, Texas 75901, and serving copies of the request on the lawyers listed above under "Correct Address."  The request for exclusion must be received by the Clerk of the Court on or before _____ and refer to the name and number of the case.   Unless you plan to bring this claim on an individual basis in a new lawsuit, there is no benefit to excluding yourself.

2.        *If you do not wish to exclude yourself and have no objection to the settlement*, it is not necessary for you to take any further action at this time.   You will only be required later to provide adequate proof of identity if you are entitled to a refund because you sent one or more payments  to Royalware or Equitable.

3.        *If you object to the settlement but do not wish to exclude yourself from the class action*, you must submit your objection in writing to the Clerk of the District Court at 104 N. 3rd Street, Lufkin, Texas 75901.   *The objection must be received by the Clerk of the District Court on or before _____.*    You must also serve copies of the objection on each of the lawyers listed under "Correct Address" above by the same date.   Any objection

3

must include the name and number of the case and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interest of the class. If you do file an objection and wish it to be considered, *you must also appear* at the hearing before Judge Hannah on _____. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

IMPORTANT: THE COURT REQUIRES THAT ANY REQUESTS FOR EXCLUSION OR OBJECTIONS BE RECEIVED BY THE CLERK BY _____. IF YOU MAIL A REQUEST FOR EXCLUSION OR OBJECTION, YOU BEAR THE RISK OF ANY PROBLEM WITH THE MAIL.

If the settlement is not approved, the case will proceed as if no settlement had been reached. Equitable retains its right to contest whether this action should be maintained as a class action and the merits. There is no assurance that if the settlement is not approved, the class will recover more than is provided in the proposed settlement, or indeed anything.

This description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, you should visit the Clerk of the District Court at 104 N. 3rd Street, Lufkin, Texas 75901. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

**H.      What you should do now**

IN ORDER TO RECEIVE THE BENEFITS TO WHICH YOU ARE ENTITLED UNDER THE SETTLEMENT AGREEMENT OUTLINED ABOVE, YOU DO NOT NEED TO DO ANYTHING AT THIS TIME. If you are entitled to a money refund, you will get it after (1) this settlement has been finally approved and (2) you have provided adequate proof of identity as requested by counsel for the class and described in the Settlement Agreement. However, if you wish, you may consult with an attorney (at your expense), exclude yourself from the case, or file objections, as described above. You may also have the right to file an appearance in the case if you wish.

This notice is only a summary of the terms of the settlement. You may inspect the entire settlement agreement.

IF YOU HAVE RECEIVED A DISCHARGE OF YOUR DEBT IN A CHAPTER 7 BANKRUPTCY, this notice does not affect your discharge. IF YOU ARE CURRENTLY A DEBTOR IN A BANKRUPTCY CASE, send a copy of this notice to your bankruptcy attorney.

DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK FOR THE COURT OR TO THE JUDGE. They are not permitted to answer your questions.

4

EN LA CORTE DE DISTRITO DE ESTADOS UNIDOS
PARA EL DISTRITO DEL ESTE DE TEXAS
DIVISION DE LUFKIN

| | | |
|---|---|---|
| JULIO COLEGIO, EDUARDO HERNANDEZ, y MANUEL PADILLA, | § § § | |
| Demandantes, | § § | |
| V. | § § | CAUSA NO. 9:01CV161 |
| EQUITABLE ACCEPTANCE CORP. y JACK CALI III, dba CALI ENTERPRISES y ROYALWARE INDUSTRIES | § § § § § | JUEZ: HANNAH |
| Demandados. | § § § | |

## AVISO DE ACCION DE CLASE Y ARREGLO PROPUESTO

A:    TODAS LAS PERSONAS QUIENES SON RESIDENTES DE TEXAS, QUIENES COMPRARON BIENES EN UNA VENTA EN SU CASA DE JACK CALI III, bajo nombre de ROYALWARE O ROYALWARE INDUSTRIES Y QUIENES FUERON OBLIGADOS A MANDAR PAGOS A EQUITABLE ACCEPTANCE CORPORATION

**NO SE ASUSTE. NO LE ESTAN DEMANDANDO. ESTE AVISO ES SOLO PARA AVISARLE ACERCA DE SUS DERECHOS CON RESPETO A UN ARREGLO PROPUESTO CON EL DEMANDADO EQUITABLE ACCEPTANCE CORPORATION Y DE UNA AUDIENCIA ACERCA DEL ARREGLO.**

### A.    La Demanda

Los demandantes (nombrados arriba) inciciaron una demanda de acción de clase en la Corte Federal de Distrito del Este de Texas, alegando que los demandados estaban participando en ventas de bienes de puerta en puerta en contra de la ley de Ventas de Casa de Texas, Tex. Bus. & Com. Code § 39.01 et seq. (HSTA) y que la información divulgada en el acuerdo de préstamo que dieron en estas ventas violó la Ley sobre la Verdad en Prestamos (TILA). Especificamente, los demandantes alegaron que los demandados violaron la HSTA por hacer sus presentaciones verbales en Español, pero proporcionaron las divulgaciones necesarias en Inglés, y porque dieron los avisos de cancelación sin el nombre y la dirección del vendedor. De igual manera, los demandantes alegaron que los demandados violaron la TILA porque no dieron las divulgaciones detalladas y obvias que son obligatorias en ventas por crédito cerradas, en vez de las muy limitadas divulgaciones necesarias en una venta por tarjeta de crédito. La demanda original en esta causa fue presentada el 9 de julio del 2001.

El demandado Jack Cali, bajo nombre de Cali Enterprises y Royalware Industries, fue destituida de esta causa porque se declaró en quiebra (bancarrota). Las partes restantes han negociado una propuesta de resolución. El día __ de _____ de 200_____, el Juez John Hannah, Jr., de la Corte de Distrito de Estado Unidos (1) determinó que esta causa debe de proceder como acción de clase solo para los propósitos de resolución, con los demandantes en capacidad de representantes de la clase, y (2) aprobó de forma preliminaria la resolución, sujeta a una audiencia para ver si el arreglo es justo, el cual se celebrará a las _____ de la _____ del día _____ de __ _____ de 200____, en la Corte Federal, ubicada en 104 North Third Street, Lufkin, Texas 75901.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JULIO COLEGIO, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 9:01 CV 161 |
| | § | |
| EQUITABLE ACCEPTANCE CORP., et al. | § | Judge: Hannah |
| | § | |
| Defendants | § | |

## ORDER OF CLASS CERTIFICATION, PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF NOTICE TO THE CLASS

On this day came on to be heard Plaintiffs' Motion for Certification of Settlement Class and Preliminary Approval of Settlement and Proposed Notice to Class, and the Court, having considered the motion and memorandum, any response and the argument of counsel, finds the following orders to be appropriate.

IT IS, THEREFORE ORDERED that Plaintiffs' request for class certification is granted and a class composed of all persons who are Texas residents, who purchased goods in a home solicitation transaction from an entity known as Royalware or Royalware Industries and who were obligated to send payments to Equitable Acceptance Corporation is hereby certified for purposes of settlement only with the named Plaintiffs serving as representatives of the class and with Plaintiffs' counsel serving as counsel for the class.

IT IS FURTHER ORDERED that the proposed settlement agreement attached to the motion as Exhibit 4 is preliminarily approved and notice in the form attached to Plaintiff's memorandum shall be sent to the class within ___ days from the date of this order by First Class U.S. Mail.

IT IS FURTHER ORDERED that a fairness hearing is hereby scheduled for _____,

2003 and that any objections to the settlement or requests for exclusion must be filed with this Court no later than _____, 2003.

IT IS FURTHER ORDERED that the date for the fairness hearing and the deadlines for objection and exclusion must also inserted in the notices to the class before they are mailed.

SIGNED this _____ day of _____, 200__.


_____
UNITED STATES DISTRICT JUDGE