ED 'D
2-11-03

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

2-10-03

DAVID J. MALAND, CLERK
BY
DEPUTY

| | | |
|---|---|---|
| JULIO COLEGIO, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 9:01 CV 161 |
| | § | |
| EQUITABLE ACCEPTANCE CORP., et al. | § | Judge: Hannah |
| | § | |
| Defendants | § | |

**AGREED FINAL JUDGMENT**
**AND APPROVAL OF CLASS CERTIFICATION AND SETTLEMENT**

On February 10, 2003, the Court held a hearing as to the fairness of a settlement entered into

by the named Plaintiffs and Defendant Equitable Acceptance Corporation.   Plaintiffs appeared in

person and through counsel and Defendant Equitable Acceptance Corporation appeared by and

through counsel.   After considering the evidence and the arguments of counsel, the Court is of the

opinion and makes the following findings:

(1)     that this case may be maintained as a class action for settlement purposes on behalf of a class

composed of all persons who are Texas residents, who purchased goods in a home

solicitation transaction from an entity known as Royalware or Royalware Industries and who

were obligated to send payments to Equitable Acceptance Corporation;

(2)     that the named Plaintiffs, as the class representatives, fairly and adequately represent the

interests of the class;

(3)     that the notice previously given to class members in this action satisfied the requirements of

due process and Rule 23 of the Federal Rules of Civil Procedure;

(4)     that there are no objections to the settlement and no individual member of the class has

40

sought to opt out;

(5)     that the Settlement Agreement previously filed with this Court on December 16, 2002 is fair, reasonable and adequate to the class, that each member of the class is bound by the terms of the settlement, and that the Settlement Agreement should be approved;

(6)     that the claims of the Plaintiffs and the class in this action should be dismissed with prejudice;

(7)     that the $16,000 amount of attorney fees and expenses afforded to counsel for the class in the Settlement Agreement is hereby approved as fair and reasonable; and

(8)     that this Court should retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement. Based on the foregoing, the Court is of the opinion that the following terms of judgment should be entered:

IT IS, THEREFORE, ORDERED that the class composed of all persons who are Texas residents, who purchased goods in a home solicitation transaction from an entity known as Royalware or Royalware Industries and who were obligated to send payments to Equitable Acceptance Corporation which was preliminarily certified by the Court's order of December 19, 2002 is hereby certified on a final basis.

IT IS FURTHER ORDERED that the settlement agreement previously filed with the Court on December 16, 2002 with the Motion for Certification of Settlement Class and Preliminary Approval of Settlement and Proposed Notice to Class is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.   Attached hereto as Exhibit A is a true copy of that settlement agreement.

IT IS FURTHER ORDERED that the members of the class are bound by the terms of the Settlement Agreement, including the provisions providing for release and dismissal with prejudice of all claims raised in this action against Defendant Equitable Acceptance Corporation.

IT IS FURTHER ORDERED that Defendant Jack Cali, dba Cali Enterprises and Royalware Industries, is hereby dismissed without prejudice at the request of Plaintiffs.

IT IS FURTHER ORDERED that Defendant Equitable Acceptance Corporation is hereby dismissed with prejudice pursuant to the terms of the Settlement Agreement attached hereto as Exhibit A.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement.

The Court denies all relief not granted in this judgment.   This is a final judgment.

SIGNED this _10th_ day of _February_, 2003.

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JULIO COLEGIO, *et al.* | §<br>§ | |
| v. | §<br>§ | Civil Action No. 9:01 CV 161 |
| EQUITABLE ACCEPTANCE CORP., *et al.* | §<br>§ | Judge: Hannah |

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into as of **December 12**, 2002, between Plaintiffs JULIO COLEGIO, EDUARDO HERNANDEZ and MANUEL PADILLA ("Plaintiffs"), suing on behalf of themselves and the class described below, on the one hand, and EQUITABLE ACCEPTANCE CORPORATION ("EAC") a Defendant herein, on the other.

### WHEREAS:

1.    Plaintiffs have asserted class claims against EAC, seeking to impose liability for alleged violations of the Truth-in-Lending Act ("TILA") and the Texas Home Solicitation Transactions Act ("HSTA"), in *Julio Colegio, et al. v. Equitable Acceptance Corporation, et al.*, Civil Action No. 9:01 CV 161, in the United States District Court for the Eastern District of Texas ("Federal Action").

2.    The class on whose behalf this settlement is made consists of all persons who are Texas residents, who purchased goods in a home solicitation transaction with Defendants JACK CALI III, *doing business as* ROYALWARE or ROYALWARE INDUSTRIES (hereinafter collectively referred to as "Royalware"), and who were obligated to send payments to EAC.



EXHIBIT

A

3.      The Federal Action alleges that the sales transactions encompassed by the class definition were closed-end credit transactions and yet closed-end disclosures were not made in violation of TILA.   This action further alleges that these transactions were home solicitation transactions covered by the HSTA and that HSTA was violated because the written disclosures were not in the same language as the oral sales pitch and the notices of cancellation failed to provide the name and address of the seller.

4.      EAC denies all liability with respect to all of the claims asserted against it and has asserted various defenses to those claims.

5.      Based on an analysis of the benefits which this Settlement Agreement affords the class, Plaintiffs' counsel considers it to be in the best interest of the class to enter into this Settlement Agreement.

6.      While EAC denies any wrongdoing and any liability whatsoever, it has concluded that it is in its best interest to settle the Federal Action on the terms set forth herein in order to avoid expense, inconvenience, and interference with ongoing business operations.   Nothing herein shall constitute an admission of liability or be used as evidence of liability.

### IT IS THEREFORE AGREED:

7.      Five days after the Effective Date, as defined below, EAC will pay $34,649.23 to Richard Tomlinson, counsel for the Plaintiffs and the class, for deposit into his trust account. Of this amount, $3,000 shall be paid to the named Plaintiffs as incentive awards ($1,000 to COLEGIO; $1,000 to HERNANDEZ; and $ 1,000  to PADILLA) and $16,000 to counsel for the class, Richard Tomlinson and Richard S. Fischer, and the balance shall be distributed to members of the class as

Settlement Agreement

detailed below.  The award of attorney's fees is based upon a stipulation that the amount of

attorney's fees incurred by the Plaintiffs through August 2, 2002 is $13,000.00 and that another

$3,000.00 will be incurred in concluding a settlement, obtaining court approval and administering

the claims.

8.      Each member of the class will be entitled to a refund equal to 75% of the

consideration that he or she paid to Royalware and/or EAC after providing adequate proof of

identity, defined as follows:

a.      Where the driver's license number or government issued identification number of any
        account debtor and co-debtor appears in the credit documentation held by EAC, a
        copy of the same photo identification, bearing such identification number and date
        of birth of each account debtor and co-debtor will be required; and

b.      Where the social security number of any account debtor and co-debtor appears in the
        credit documentation held by EAC, a copy of the social security card or a document
        bearing his or her social security number and name, such as a paycheck receipt or W-
        2 form for the Internal Revenue Service will be required; or

c.      In the instance that the credit documentation held by EAC contains no government
        issued identification numbers or social security numbers for not more than one
        account debtor, an affidavit shall be provided by the account debtor and account co-
        debtor swearing to their address at the time of purchase, current address, date of birth
        and employment.

Copies of the proof of identity will be provided to counsel for EAC before any distribution to a class

member is made.   Attached as Exhibit A is a list of the members of the proposed class and the

amounts of refunds to which the proposed class members are entitled upon proof of adequate identity

outlined above.  If any of the $15,649.23 placed in the trust account for restitution to a class member

remains undisbursed 60 days after the Effective Date, it shall immediately be disbursed to EAC by

Richard Tomlinson, counsel for Plaintiffs. The 60 day period after the Effective Date, shall be defined as the "Claims Period".

9.      In the event a class member is deceased, Richard Tomlinson is authorized to make payment of a refund to the deceased class member's heirs or estate, upon receipt of proper notification, documentation, and adequate proof of identify of the deceased.

10.     Should this settlement receive final approval, EAC further agrees that any purported debt which may be allegedly owed to EAC by the members of the class is hereby canceled and/or rescinded, and EAC waives any claim to the goods in the possession of the members of the class. Within 5 days after the Effective Date of the settlement agreement, EAC agrees to request the deletion of all references to an EAC account involving a verified member of the class previously reported to credit bureaus.

11.     Counsel for the class will be responsible for notifying the class members of the proposed settlement. Each class member will be sent a notice by first class mail addressed to his or her last known address, as shown by the records of EAC or counsel for the class. If a mailing is returned with a forwarding address provided by the Postal Service, class counsel will re-mail it to the address or addresses provided. The parties to this agreement agree to recommend the form of notice attached as Exhibit B. Since EAC has addresses for all class members, it is not anticipated that notice by publication is required.

12.     If the above-described mailings do not result in notice to a class member, counsel for the class may engage a tracing service to locate that class member. The cost of locating a class member in this manner shall be deducted from the class member's recovery, if any. If the class

Settlement Agreement

member is not located prior to the date for filing objections and opt outs, described below, the class

member retains the right to opt out within 14 days of receiving a class notice, but not to object. This

right shall expire 90 days after the Effective Date. This right shall not operate to extend the Claims

Period.

13.    Upon the Effective Date, each class member who does not opt out shall be deemed

to have given EAC, its officers, directors, employees, successors and assigns, a limited release,

which shall forever bar them from asserting any claim under TILA or HSTA arising out of the

transactions described in the class definition. Such class members, however, are not deemed to have

released Jack Cali III, dba Cali Enterprises, Royalware or Royalware Industries, or any other person

or entity which may have sold goods to a member of the class and had the account assigned to EAC

or serviced by EAC.

14.    The parties agree to petition the Court presiding over the Federal Action within 7 days

of the execution date of this Settlement Agreement for a preliminary approval order:

    a.    Determining (for purposes of settlement) that the Federal Action may be maintained
        as a class action on behalf of the class described in paragraph 2 above and identified
        in Exhibit A;

    b.    Finding that Plaintiffs fairly and adequately represent the interests of the class;

    c.    Finding that the mailing of a class notice as described above is the only notice
        required and that such notice satisfies the requirements of due process and Rule 23
        of the Federal Rules of Civil Procedure;

    d.    Finding preliminarily that this Settlement Agreement is fair, reasonable, and adequate
        to the class; and

    e.    Setting dates by which objections and opt outs must be filed.

15.    If the Court enters the preliminary approval order described above, counsel for the class shall, within 14 days thereafter, mail to each class member at his or her last known address a notice in the form approved by the Court.   The parties will agree to request notice in the form attached as Exhibit B.

16.    The parties shall petition the Court before which the Federal Action is pending to hold a final hearing upon the settlement approximately 45 days after entry of the preliminary approval order.   At the final hearing, the parties will request that the Court:

a.    Determine that this action may, for settlement purposes, be maintained as a class action on behalf of the class described in paragraph 2 above;

b.    Find that Plaintiffs, as the class representatives, fairly and adequately represent the interests of the class;

c.    Find that the notice previously given to class members in this action satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure;

d.    Find that the Settlement Agreement is fair, reasonable and adequate to the class, provide that each member of the class except those who have excluded themselves shall be bound by this Settlement Agreement, including the release, and conclude that the Settlement Agreement should be and is approved;

e.    Dismiss on the merits and with prejudice all claims asserted in the Federal Action; and

f.    Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement.

17.    The final approval order ("Final Approval Order") shall be deemed final 30 days after entry if no pleadings are filed within that time seeking appeal, review or rehearing of the order, or if such pleadings are filed, then 14 days after the date upon which all appellate and other proceedings

Settlement Agreement

resulting therefrom have been finally terminated in such a manner as to permit the Final Approval Order to take effect.

18.     Plaintiffs and the class shall request that the Court approve the fee award at the same time as the Final Approval Order is entered.   The award shall be deemed final at the same time that the Final Approval Order becomes final, as described above, or at such other time as the Court directs.   EAC agrees not to oppose a request for an amount of fees and expenses not exceeding $16,000.00.

19.     Where there are multiple obligors on an account, the check will be made payable to all of them.  Any interested party may request that the Court permit fewer than all of the obligors to cash a check without the need for complying with technical requirements relating to probate.

20.     In the event any court disapproves this Settlement Agreement or any material part thereof for any reason, or declines to enter the Final Approval Order, or overturns or reverses the Final Approval Order or any material part thereof, then:

a.     If all parties do not agree jointly to appeal such ruling or if the plaintiffs jointly do not wish to appeal the ruling, this Settlement Agreement shall become null and void, and the order certifying the class shall be vacated (without prejudice to further proceedings to certify a class); and

b.     If all parties hereto agree to jointly appeal such ruling and if the final approval order or its equivalent in all material respects is not in effect after the termination of all proceedings arising out of such appeal, this Settlement Agreement shall become null and void, and the order certifying the class shall be vacated (without prejudice to further proceedings to certify a class).

21.    At least seven days prior to the final approval hearing, the parties shall exchange and finalize lists of the persons who have excluded themselves from the class and of the persons who object to the settlement.

22.    The Effective Date shall be the 5TH day after the Final Approval Order becomes final, as described above.

23.    In connection with the distribution of funds, counsel for the class will contact the members of the class who have not excluded themselves from the class and ask each class member to provide adequate proof of their identity, as described above.   Once a copy of such proof has been obtained, produced to counsel for EAC and no objection has been received from counsel from EAC, counsel for the class may issue and send or deliver a check to each member of the class so qualified in the amount set forth in the list attached hereto as Exhibit A.

24.    Counsel for the class are authorized to employ a tracing service or to use other means to locate any missing class members, to be paid out of the individual class member's recovery.   If this done, counsel for the class shall issue checks from the settlement account reflecting the amount due the tracer and the amount to be distributed to the class member.

25.    This Settlement Agreement may not be changed orally.   It may be changed only in writing signed by each of the parties and/or their counsel.

26.    As agent for receipt of communications relating to this Settlement Agreement, plaintiffs and the class appoint Richard Tomlinson, and EAC appoints Donald Turbyfill.  The person designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

Settlement Agreement

27.     This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be and constitute one instrument for all purposes.  The several signature pages may be collected and annexed to one or more of the documents to form a complete counterpart.  Photocopies may be treated as originals.

28.     Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of plaintiffs, the members of the class, and any of their successors and personal representatives, and shall bind and inure to the benefit of EAC, which persons and entities are intended to be beneficiaries of this Settlement Agreement.

29.     All time periods and dates relating to the approval of this Settlement Agreement and the notification of the class (but not those relating to the substantive rights of the parties and class members) are subject to approval and change by the Court.

30.    This Settlement Agreement shall be interpreted as in accordance with the laws of

Texas.

JULIO COLEGIO
Plaintiff and Class Representative

EDUARDO HERNANDEZ
Plaintiff and Class Representative

MANUEL PADILLA
Plaintiff and Class Representative

RICHARD TOMLINSON
State Bar of Texas # 20123500
ATTORNEY IN CHARGE
FOR PLAINTIFFS

OF COUNSEL:
Richard Tomlinson
Attorney at Law
One Greenway Plaza, Suite 100
Houston, Texas 77046
(713) 627-7747 [phone]
(713) 627-3035 [facsimile]
ATTORNEY FOR PLAINTIFFS

RICHARD S. FISCHER
State Bar of Texas # 07043100
ATTORNEY IN CHARGE
FOR PLAINTIFFS

OF COUNSEL:
Law Offices of Richard S. Fischer
114 South Pecan Street
Nacodoches, Texas 75961
(936) 564-2222 [phone]
ATTORNEY FOR PLAINTIFFS

Settlement Agreement

Page 10

EQUITABLE ACCEPTANCE CORPORATION
Defendant

By: JEFFREY D. HENN, ~~President~~

*Vice President*

DONALD L. TURBYFILL
State Bar of Texas #20296380
ATTORNEY IN CHARGE
FOR DEFENDANT
EQUITABLE ACCEPTANCE CORPORATION

OF COUNSEL:
DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.
4801 Woodway, Suite 420 - West
Houston, Texas  77056-1805
(713) 622-8338 [Phone]
(713) 586-7053 [Facsimile]
dturbyfill@dntlaw.com [E-mail]

# EXHIBIT
# A

# EXHIBIT A

| First Name of Class Member | Last Name of Class Member | Acct. No. | Amount Paid | Amount of Proposed Settlement |
|---|---|---|---|---|
| Santiago & Norma | Ocampo | FZ10004 | $0.00 | $0.00 |
| Juan | Ortiz | FZ10011 | $460.00 | $345.00 |
| Pablo & Evelyn | Marabilla | FZ10020 | $0.00 | $0.00 |
| Pablo & Evelyn | Marabilla | FZ10034 | $256.00 | $192.00 |
| Aureliano | Nava | FZ10032 | $900.00 | $675.00 |
| Yeseula | Gomez | FZ10035 | $299.68 | $224.76 |
| Lazaro & Laura | Barro | FZ10044 | $0.00 | $0.00 |
| Claudia | Nunez | FZ10045 | $0.00 | $0.00 |
| Fermin & Maria | Barrera | FZ10046 | $661.81 | $496.35 |
| Carolina | Villa | FZ10047 | $90.00 | $67.50 |
| Inocencio | Soriano | FZ10059 | $200.00 | $150.00 |
| Juan | Arevalo | FZ10070 | $0.00 | $0.00 |
| Julio & Marisala | Colegio | FZ10078 | $0.00 | $0.00 |
| Jose | Torres | FZ10079 | $629.00 | $471.75 |
| Jose Santo Hilda Moran | Muniz | FZ10081 | $0.00 | $0.00 |
| Noelia & Nareiso Magona | Zavala | FZFZ10082 | $0.00 | $0.00 |
| Simon | Cordero | FZ10083 | $55.68 | $41.74 |
| Teodocia & Maria | Ocon | FZ10084 | $1,118.86 | $839.14 |
| Ramiro & Martha Ramirez | Quetzala | FZ10085 | $547.44 | $410.58 |
| Manuel | Camacho | FZ10086 | $600.00 | $450.00 |
| Vincenta & Gonzalo Salazar | Avila | FZ10087 | $0.00 | $0.00 |
| Patricia & Rodolfo | Cepeda | GT10001 | $3,918.66 | $2,938.99 |
| Pablo & Maria Ramirez | Lagunes | GT10002 | $637.52 | $478.14 |

| Nicholas | Ramirez | GT10004 | $1,400.00 | $975.00 |
|---|---|---|---|---|
| Jose Santos Hilda | Muniz | GT10005 | $685.83 | $514.37 |
| Eduardo Esther Moran Guerro | Hernandez | GT10006 | $1,575.95 | $1,181.96 |
| Ricardo & Maria | Reyes | GT10007 | $670.00 | $502.50 |
| Jose Rebecca Rice | Meza | GT10008 | $0.00 | $0.00 |
| Raul & Paula | Nava | GT10009 | $560.00 | $420.00 |
| Jose | Ruiz | GT10010 | $654.00 | $490.50 |
| Filiberto | Guerro | GT10011 | $100.00 | $75.00 |
| Juana | Garza | GT10012 | $720.00 | $540.00 |
| Amado | Rosales | GT10013 | $0.00 | $0.00 |
| Janie & David | Alonso | GT10014 | $0.00 | $0.00 |
| Jose | Madera | GT10015 | $755.60 | $566.70 |
| Amado | Rosales | GT10016 | $1,600.00 | $1,200.00 |
| Antonio & Isidra | Delgadillo | GT10017 | $542.64 | $406.80 |
| Horacio & Roberta | Gamez | GT10019 | $1,300.00 | $975.00 |
| TOTALS | | | $20,838.65 | $15,628.78 |

# EXHIBIT
# B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JULIO COLEGIO, EDUARDO HERNANDEZ, and MANUEL PADILLA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 9:01 CV 161 |
| EQUITABLE ACCEPTANCE CORP. and JACK CALI III, dba CALI ENTERPRISES and ROYALWARE INDUSTRIES | § § § § | Judge: Hannah |
| Defendants | § § | |

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

TO:    ALL PERSONS WHO ARE TEXAS RESIDENTS, WHO PURCHASED GOODS IN A
HOME SOLICITATION TRANSACTION WITH JACK CALI III, dba ROYALWARE OR
ROYALWARE INDUSTRIES AND WHO WERE OBLIGATED TO SEND PAYMENTS
TO EQUITABLE ACCEPTANCE CORPORATION

**DO NOT BE ALARMED. YOU ARE NOT BEING SUED. THIS NOTICE IS MERELY TO TELL YOU
ABOUT YOUR RIGHTS AS TO A PROPOSED SETTLEMENT WITH DEFENDANT EQUITABLE
ACCEPTANCE CORPORATION AND OF A SETTLEMENT HEARING.**

**A.    The Lawsuit**

A class action lawsuit was filed by the plaintiffs (named above) against the defendants (named above) in the
United States District Court for the Eastern District of Texas, alleging that defendants were engaging in door-to-door
sales of goods which violated the Texas Home Solicitation Transactions Act, Tex. Bus. & Com. Code § 39.01 et seq.
(HSTA) and that the credit disclosures made in these transactions violated the Truth-in-Lending Act (TILA).
Specifically, plaintiffs alleged that defendants violated the HSTA by making oral sales pitches in Spanish and giving
required disclosures in English and by providing the notices of cancellation that failed to provide the name and address
of the seller.    Similarly, plaintiffs alleged that defendants violated TILA by failing to give the more detailed and
conspicuous credit disclosures required in closed end credit transactions instead of the very limited disclosures required
to be given in credit card transactions.    The plaintiffs' original complaint in this action was filed on July 9, 2001.

Defendant Jack Cali, dba Cali Enterprises, Royalware, and Royalware Industries, has been dismissed from this
suit due to his filing for bankruptcy.    The remaining parties have negotiated a proposed settlement.    On
_____, _____, Judge John Hannah, Jr. of the United States District Court (1) determined that this action
should proceed as a class action, for settlement purposes only, with the named plaintiffs serving as the representatives
of the class, and (2) granted preliminary approval of the settlement, subject to a fairness hearing which will take place
at ___. _.m. on _____, 2002, in the U. S. Courthouse located at 104 N. 3rd Street, Lufkin, Texas 75901.

You are being sent this notice, because you might be a member of the class.    This notice explains the nature
of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations.

**B.**     **No Admission of Liability**

By settling this lawsuit, defendant Equitable Acceptance Corporation does not admit that it has done anything wrong.

**C.**     **The Proposed Settlement**

The remaining parties in this case have agreed to the settlement described below.  The attorneys for the class believe that this settlement is fair, reasonable, and in the best interests of the members of the class.

Equitable Acceptance Corporation (hereinafter "Equitable") agrees that no member of the class owes it any further money, and Equitable will notify all relevant credit bureaus to delete all references to an Equitable account held by a verified class member.  Class members will retain all goods that they purchased through Royalware.

A settlement fund of $18,649.23 will be created when the settlement becomes effective.  The named plaintiffs will jointly receive incentive awards totaling $3,000.  Each of the members of the class who made any payments under their Royalware sales contract will be entitled to apply for a refund from the remaining sum in the settlement fund equal to 75% of what they paid for the goods sold by Royalware by providing adequate proof of identity as described in the Settlement Agreement. Any unclaimed funds will be returned to Equitable.  For purposes of the settlement, an account with more than one debtor or obligor is treated as a single class member.   The debtors may either agree as to the disposition of the funds or request the Court to divide the money.

In addition, Equitable will pay a total of $16,000 to the attorneys for the class for attorney's fees through the end of claims administration.

Finally, Equitable will receive a release of HSTA and TILA claims from members of the class who do not opt out.

**D.**     **Value of the Settlement**

The Truth-in-Lending Act (TILA) provides that in a class action in which the plaintiff establishes a violation the class recovers a statutory penalty not exceeding $500,000 or 1% of the net worth of the defendant, whichever is less. The specific amount of the statutory award is set by the Court depending on the amount of any actual damages awarded, the frequency and persistence of statutory violations, the resources of the defendant, the number of persons adversely affected by the violations and the extent to which the violations were intentional.  In addition, a class member may recover actual damages which result from violations.   By contrast, in an individual action, the person bringing the suit may recover (1) any actual damages suffered and (2) a penalty equal to twice the finance charge, but not less than $100 and not more than $1,000.   Whether suing for a class or an individual, the person bringing the suit under TILA can also recover attorney's fees and the expenses of prosecuting the suit, if it is successful.

Class counsel have not alleged that any member is entitled to actual damages resulting from TILA violations, limiting their claim to the award which could be made by the Court in a class action.  Given the small size of Equitable and the 1% limit on any class statutory award, counsel for the class believe that any such award will be less than $5,000.

The Texas Home Solicitations Act (HSTA) provides that a consumer transaction in violation of certain portions of that statute is void and unenforceable and authorizes the recovery of actual damages, reasonable attorney's fees and court costs.   The statute permits consumers the right to cancel certain door-to-door transactions, return the goods they purchased, and receive a refund of all payments made.

Counsel for Equitable has alleged that members must pay some sort of set-off as compensation for use of the goods if the goods are not to be returned to Equitable.

Counsel for the class believe the class settlement is fair and reasonable and that the members of the class should

2

accept this settlement.   While one might conceivably recover slightly more in an individual case, if it is brought and is successful, few individual suits are brought under either TILA or HSTA, because it is not usually economical to file a lawsuit for the sums that can be recovered under these statutes.   In addition, Equitable has denied that it is liable for any violation of TILA or HSTA, and the Court has not ruled on the merits of the suit.   A person that elects to opt out of the settlement, as described below, might recover nothing.

## E.       Correct Address

If this Notice was sent to you at your current address, you do not have to do anything more to receive benefits from the settlement until a notice letter is sent asking you to provide confirmation of your identity.   If this Notice was forwarded by the Postal Service or if it was otherwise sent to you at an address which is not current, you should immediately send a letter to each of the lawyers stated below setting forth your past and current residential and mailing addresses:

Richard S. Fischer
114 S. Pecan Street
Nacogdoches, Texas 75961

Richard Tomlinson
1 Greenway Plaza, Suite 100
Houston, Texas 77046

Donald L. Turbyfill
4801 Woodway, Suite 420-West
Houston, Texas 77056

If any of the persons whose names appear on the contractual paperwork have died, or by reason of divorce payments have been made by another person whose name appears on the paperwork, you should send a letter to the same lawyer explaining who is responsible for payments on the account and including any supporting documentation such as a divorce decree.

## F.       Fairness Hearing

At ____ on _____, a hearing will be held on the fairness of the proposed settlement.   At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.   The hearing will take place before Judge John Hannah, Jr. in the courtroom of the U. S. Courthouse located at 104 N. 3rd Street, Lufkin, Texas 75901.

## G.       What you can do

1.       *You have the right to exclude yourself* from both the class action and the settlement by filing a request for exclusion with the Clerk of the District Court at 104 N. 3rd Street, Lufkin, Texas 75901, and serving copies of the request on the lawyers listed above under "Correct Address."   The request for exclusion must be received by the Clerk of the Court on or before _____ and refer to the name and number of the case.   Unless you plan to bring this claim on an individual basis in a new lawsuit, there is no benefit to excluding yourself.

2.       *If you do not wish to exclude yourself and have no objection to the settlement*, it is not necessary for you to take any further action at this time.   You will only be required later to provide adequate proof of identity if you are entitled to a refund because you sent one or more payments  to Royalware or Equitable.

3.       *If you object to the settlement but do not wish to exclude yourself from the class action*, you must submit your objection in writing to the Clerk of the District Court at 104 N. 3rd Street, Lufkin, Texas 75901. *The objection must be received by the Clerk of the District Court on or before* _____.   You must also serve copies of the objection on each of the lawyers listed under "Correct Address" above by the same date.   Any objection

3

must include the name and number of the case and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interest of the class. If you do file an objection and wish it to be considered, *you must also appear* at the hearing before Judge Hannah on _____. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

IMPORTANT: THE COURT REQUIRES THAT ANY REQUESTS FOR EXCLUSION OR OBJECTIONS BE RECEIVED BY THE CLERK BY _____. IF YOU MAIL A REQUEST FOR EXCLUSION OR OBJECTION, YOU BEAR THE RISK OF ANY PROBLEM WITH THE MAIL.

If the settlement is not approved, the case will proceed as if no settlement had been reached. Equitable retains its right to contest whether this action should be maintained as a class action and the merits. There is no assurance that if the settlement is not approved, the class will recover more than is provided in the proposed settlement, or indeed anything.

This description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, you should visit the Clerk of the District Court at 104 N. 3rd Street, Lufkin, Texas 75901. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

**H.     What you should do now**

IN ORDER TO RECEIVE THE BENEFITS TO WHICH YOU ARE ENTITLED UNDER THE SETTLEMENT AGREEMENT OUTLINED ABOVE, YOU DO NOT NEED TO DO ANYTHING AT THIS TIME. If you are entitled to a money refund, you will get it after (1) this settlement has been finally approved and (2) you have provided adequate proof of identity as requested by counsel for the class and described in the Settlement Agreement. However, if you wish, you may consult with an attorney (at your expense), exclude yourself from the case, or file objections, as described above. You may also have the right to file an appearance in the case if you wish.

This notice is only a summary of the terms of the settlement. You may inspect the entire settlement agreement.

IF YOU HAVE RECEIVED A DISCHARGE OF YOUR DEBT IN A CHAPTER 7 BANKRUPTCY, this notice does not affect your discharge. IF YOU ARE CURRENTLY A DEBTOR IN A BANKRUPTCY CASE, send a copy of this notice to your bankruptcy attorney.

DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK FOR THE COURT OR TO THE JUDGE. They are not permitted to answer your questions.

4

EN LA CORTE DE DISTRITO DE ESTADOS UNIDOS
PARA EL DISTRITO DEL ESTE DE TEXAS
DIVISION DE LUFKIN

| | | |
|---|---|---|
| JULIO COLEGIO, EDUARDO HERNANDEZ, y MANUEL PADILLA, | § § § | |
| Demandantes, | § § | |
| V. | § § | CAUSA NO. 9:01CV161 |
| EQUITABLE ACCEPTANCE CORP. y JACK CALI III, dba CALI ENTERPRISES y ROYALWARE INDUSTRIES | § § § § § | JUEZ: HANNAH |
| Demandados. | § § | |

## AVISO DE ACCION DE CLASE Y ARREGLO PROPUESTO

A:   TODAS LAS PERSONAS QUIENES SON RESIDENTES DE TEXAS, QUIENES COMPRARON BIENES EN UNA VENTA EN SU CASA DE JACK CALI III, bajo nombre de ROYALWARE O ROYALWARE INDUSTRIES Y QUIENES FUERON OBLIGADOS A MANDAR PAGOS A EQUITABLE ACCEPTANCE CORPORATION

**NO SE ASUSTE. NO LE ESTAN DEMANDANDO. ESTE AVISO ES SOLO PARA AVISARLE ACERCA DE SUS DERECHOS CON RESPETO A UN ARREGLO PROPUESTO CON EL DEMANDADO EQUITABLE ACCEPTANCE CORPORATION Y DE UNA AUDIENCIA ACERCA DEL ARREGLO.**

**A.   La Demanda**

Los demandantes (nombrados arriba) iniciaron una demanda de acción de clase en la Corte Federal de Distrito del Este de Texas, alegando que los demandados estaban participando en ventas de bienes de puerta en puerta en contra de la ley de Ventas de Casa de Texas, Tex. Bus. & Com. Code § 39.01 et seq. (HSTA) y que la información divulgada en el acuerdo de préstamo que dieron en estas ventas violó la Ley sobre la Verdad en Prestamos (TILA). Especificamente, los demandantes alegaron que los demandados violaron la HSTA por hacer sus presentaciones verbales en Español, pero proporcionaron las divulgaciones necesarias en Inglés, y porque dieron los avisos de cancelación sin el nombre y la dirección del vendedor.  De igual manera, los demandantes alegaron que los demandados violaron la TILA porque no dieron las divulgaciones detalladas y obvias que son obligatorias en ventas por crédito cerradas, en vez de las muy limitadas divulgaciones necesarias en una venta por tarjeta de crédito.  La demanda original en esta causa fue presentada el 9 de julio del 2001.

El demandado Jack Cali, bajo nombre de Cali Enterprises y Royalware Industries, fue destituida de esta causa porque se declaró en quiebra (bancarrota).  Las partes restantes han negociado una propuesta de resolución.  El día __ de _____ de 200____, el Juez John Hannah, Jr., de la Corte de Distrito de Estado Unidos (1) determinó que esta causa debe de proceder como acción de clase solo para los propósitos de resolución, con los demandantes en capacidad de representantes de la clase, y (2) aprobó de forma preliminaria la resolución, sujeta a una audiencia para ver si el arreglo es justo, el cual se celebrará a las _____ de la _____ del día _____ de __ _____ de 200_____, en la Corte Federal, ubicada en 104 North Third Street, Lufkin, Texas 75901.

A usted se le envía este aviso porque parece que usted es miembro de la clase.  Este aviso explica la demanda y el arreglo propuesto, y le informa de sus derechos e obligaciones legales.

**B.**   **No Hay Admisión de Culpabilidad**

Por el hecho de resolver esta demanda, el demandado Equitable Acceptance Corporation no está aceptando que ha hecho nada mal.

**C.**   **Arreglo Propuesto**

Las partes restantes en esta causa han quedado de acuerdo en el arreglo explicado a continuación. Los abogados para la clase creen que este arreglo es justo, razonable, y de acuerdo con los mejores intereses de los miembros de la clase.

Equitable Acceptance Corporation (de aquí en adelante "Equitable") acepta que ningún miembro de la clase le debe dinero, y Equitable notificará a todos los departamentos de crédito ("credit bureaus") pertinentes que eliminen toda referencia a una cuenta de Equitable.  Los miembros de la clase se quedarán con todos los bienes que compraron a través de Royalware y financiaron a través de Equitable.

Un fondo de resolución de $18,649.23 se creará cuando el arreglo entra en vigor.  Los demandantes nombrados arriba recibirán dinero de incentivo en cantidad total de $3,000.00.  Cada miembro de la clase quien haya hecho algún pago por su venta de Royalware tendrá el derecho de solicitar un reembolso del dinero que queda en el fondo de resolución equivalente a 75% de lo que pagaron por los bienes que les vendió Royalware, y para hacerlo solo tendrán que presentar prueba de su identidad como es requerido y que explicado en el arreglo propuesto. Cualquier dinero que no se reclame se regresará a Equitable.  Para los propósitos de este arreglo, una cuenta con más de un deudante o acreedor se tratará como si fuera un solo miembro de la clase.  Los acreedores pueden aceptar la disposición de los fondos, o pedir que la Corte reparte el dinero.

Además Equitable pagará un total de $16,000.00 a los abogados para la clase como honorarios legales hasta el final de la administración de las reclamaciones.

Y por fin, Equitable recibirá un descargo (cesión) de cualquier reclamación bajo la HSTA y/o la TILA de los miembros de la clase quienes no optan por no participar.

**D.**   **El Valor del Arreglo**

La Ley de Verdad en Préstamos (TILA) dice que en una acción de clase en lo cual el demandante demuestra una violación de la ley, la clase recibe como castigo monetario en contra de los demandados una cantidad de dinero que representa $500,00.00 o 1% del valor del demandado, lo cual sea menos.  La corte fija la cantidad exacta de la recompensa a base de la cantidad de daños y prejuicios otorgados, la frecuencia y persistencia de las violaciones de la ley, los recursos del demandado, el número de personas perjudicadas por las violaciones, y el nivel a lo cual las violaciones fueron intencionales.  Además, un miembro de la clase puede cobrar los daños directos que resultan de las violaciones.  En comparación, en una demanda individual, la persona quien presenta la demanda puede recuperar (1) cualquier daño sufrido y (2) la multa al igual que el doble del cargo de financiamiento, pero no menos de $100 y no más de $1,000.  Ya sea si demanda en una clase o individualmente, la persona presentando la demanda bajo TILA tambien puede recuperar los honorarios del abogado y los gastos por presentar la demanda, si tiene éxito.

El abogado de la clase no ha alegado que cualquier miembro tenga derechos a daños directos como resultado de violaciones de TILA, así limitando su reclamo a lo que podría dar la corte en un demanda de clase.  Dada el tamaño pequeño de Equitable y el límite de 1% en cualquier sentencia de clase, el abogado de la clase cree que semejante sentencia sería de menos de $5,000.

La Ley de Ventas de Casa de Texas (HSTA) establece que una transacción por un consumidor en violacion de

2

ciertas provisiones de ley es nula e inválida y autoriza la recuperación de daños directos, honorarios razonables del abogado y gastos de la corte. La ley establece para los consumidores el derecho a cancelar ciertas transacciones de puerta en puerta, regresar los bienes que ellos compraron, y recibir un reembolso de todos los pagos hechos.

El abogado de Equitable alega que los miembros de la clase deben de pagar algo como compensación por el uso de los bienes si los bienes no se regresan a Equitable.

El abogado de la clase cree que el arreglo es justo y razonable y que los miembros de la clase deben de aceptar el acuerdo. Mientras sería posible que uno recuperara un poco más en un individual, si lo hace y si tiene éxito, pocas demandas individuales son presentadas bajo TILA o HSTA, porque normalmente no tiene sentido iniciar una demanda por la suma que puede ser recuperada bajo estas leyes. Ademas, Equitable ha negado que es responsable por cualquier violacion de TILA ó HSTA, y la Corte no ha dado su fallo en los méritos de la demanda. Una persona que decida por optar no participar en el arreglo, como se explica a continuación, a lo mejor no recupere nada.

## E.     Dirección Correcta

Si este Aviso le llegó a usted a su dirección correcta, usted no tiene que hacer nada mas para recibir los beneficios de este arreglo hasta que se le envie un aviso pidiéndole que proporcione confirmación de su identidad. Si este Aviso se mandó a una dirección incorrecta, dirección la cual no es la actual, usted debe de inmediato mandar una carta a cada uno de los abogados informándoles de su dirección anterior su dirección actual de la residencia y de la correspondecia:

Richard S. Fischer
114 S. Pecan Street
Nacogdoches, Texas 75961

Richard Tomlinson
1 Greenway Plaza, Suite 100
Houston, Texas 77046

Donald L. Turbyfill
4801 Woodway, Suite 420-West
Houston, Texas 77056

Si alguien cuyo nombre aparece en los documentos de contrato ha fallecido, o si por razones de divorcio los pagos han sido hechos por una persona distinta a la persona cuyo nombre aparece en la papelería, usted debe de mandar una carta al primer abogado nombrado arriba, explicando quién es responsable por los pagos en la cuenta, y mandarle tambiénlos documentos pertinentes como una acta de divorcio, por ejemplo.

## F.     Audencia Para Determinar si el Acuerdo es Justo

A las __ horas del día _ de ____ de 200_, se celebrará una audiencia sobre la imparcialidad del acuerdo propuesto. La audiencia tomará lugar ante el Juez John Hannah, Jr. en el juzgado de la Corte de los Estados Unidos situada en 104 N. 3rd Street, Lufkin, Texas 75901.

## G.     Lo Que Usted Puede Hacer

1.     *Usted tiene el derecho de excluirse* de la demanda de clase y de el acuero de resolucíon, es decir, las dos cosas. La forma de hacerlo es presentar una petición de exclusión al secretario ("clerk") del juzgado de la Corte del Distrito 104 N. 3rd Street, Lufkin, Texas 75901, y mandar copias de la petición a los abogados nombrados arriba. La petición de exclusión debe de ser recibida por el secretario ("clerk") del juzgado el día _ de  ____ de 200_ al mas tardar, y mencionar el nombre y el número del caso. A menos que piense presentar una demanda individual, no consigue nada al excluirse.

3

2.     *Si usted no desea excluirse y está de acuerdo con el arreglo*, no es necesario que usted tome ninguna acción en este momento. Si usted tiene derecho a una compensación porque usted pago dinero a Royalware o Equitable, después tendra que presentar documento(s) de identificación adecuado(s).

3.     *Si usted se opone al arreglo pero no desea excluirse de la demanda de clase*, usted debe de entregar su queja por escrito al secretario ("clerk") de la Corte del Distrito en 104 N. 3rd Street, Lufkin, Texas 75901, el _ de ____ de 200_ al mas tardar. A la vez usted debe de mandar copias de su queja a cada uno de los abogados. Cualquier queja debe de incluir el nombre y el numero del caso, y una declaración de las razones porque usted cree que la Corte debe de determinar que el arreglo propuesto no esta de acuerdo con los mejores intereses de la clase. Si usted presenta su queja y desea que sea considerada, usted debe       de presentarse en la audiencia ante el Juez Hannah el dia _____. Sepa que no es suficiente con declarar solo que usted se opone. Usted debe de explicar las razones por las cuales no debe de ser aprobado.

IMPORTANTE: LA CORTE REQUIERE QUE CUALQUIER PETICION DE EXCLUSION O QUEJA TIENE QUE SER RECIBIDA POR EL SECRETARIO ("CLERK") DEL JUZGADO ANTES DEL DIA _____ . SI USTED MANDA POR CORREO UNA PETICION DE EXCLUSION O UNA QUEJA, USTED CORRE EL RIESGO DE LOS PROBLEMAS QUE PASAN CON EL CORREO.

Si el arreglo no es aprobado, el caso seguirá como si ningún arreglo hubiera existido. Equitable mantendrá su derecho de litigar si acaso este caso debe de manternerse como una acción de clase y su derecho de litigar los meritos. No hay ninguna garantía de que si el arreglo no es aprobado, la clase recibirá más de lo que recibiría con el arreglo propuesto, ó de hecho nada.

Esta descripción del caso solo es un resumen, y no explica todos los asuntos y procedimientos hasta la fecha. Para poder ver todo el archivo completo, usted debe de visitar el secretario ("clerk") de la Corte del Distrito en 104 N. 3rd Street, Lufkin, Texas 75901. El secretario le pondrá a su disposición los archivos pertinentes a esta demanda para que los revise y obtenga copias a costo de usted.

**H.     Qué es lo que debe de hacer ahora**

PARA PODER RECIBIR LOS BENEFICIOS A LOS CUALES USTED TIENE DERECHO BAJO EL ARREGLO YA MENCIONADO, USTED NO NECESITA HACER NADA EN ESTE MOMENTO. Si usted tiene el derecho de recibir dinero, usted lo recibirá después de que (1) este arreglo sea finalmente aprobado y (2) una vez que usted haya presentado pruebas de su identidad como es requerido por los abogados de la clase explicado y en el arreglo propuesto. Pero si usted desea, usted puede consultar con un abogado(a su propio costo), puede excluirse del caso, o puede someter su queja como se explica anteriormente. Usted también puede tener el derecho de presentarse como litigante en este caso si lo desea.

Este aviso solo es resumen de los terminos del arreglo. Usted puede inspeccionar todo el acuerdo de resolución.

SI USTED A RECIBIDO UNA ABSOLVENCIA DE SU DEUDA EN UNA BANCARROTA BAJO EL CAPITULO 7, este aviso no afecta su absolvencia de la deuda. SI USTED AL MOMENTO ESTA COMO UN DEUDOR EN UN CASO DE BANCARROTA, mande una copia de este aviso a su abogado de bancarrota.

NO MANDE NINGUNA PREGUNTA ACERCA DE ESTE ARREGLO O DE LA DEMANDA A EL SECRETARIO ("CLERK") DE LA CORTE O AL JUEZ. No se les permite contestar sus preguntas.

4